J. S. WALKER *vs.* A. P. PETERSON, and Others.

EXCEPTIONS.

HEARING, APRIL 4, 1893.     DECISION, APRIL 6, 1893.

JUDD, C.J., BICKERTON AND FREAR, JJ.

It is not error to order stricken from the record a paper purporting to be defendants' answer, which does not conform to the statute— Section 1106 of Compiled Laws. This paper having been stricken off it was proper to declare the defendants in default, upon the Clerk's certificate that the summons had been duly served, and that no answer complying with the statute had been filed within the time prescribed by law.

The record of the Court cannot be impugned by the Clerk's minutes.

Where two acts done appear to be dated the same day, the presumption is that they were done in their proper logical order.

OPINION OF THE COURT, BY JUDD, C.J.

Section 1106 of the Civil Code as amended (Compiled Laws, pp, 322 and 3) makes it incumbent upon a defendant served with a summons in an action on a liquidated demand to file either a demurrer or an answer denying the facts. "Provided that in all cases where the defendant is sued as the maker, drawer, acceptor or endorser of any banker's check, promissory note, bill of exchange, or other negotiable security, *he shall not be allowed* to file an answer *unless* he shall file therewith an affidavit made by himself or by some person cognizant of the facts, on his behalf, that the defendant has a good defense to the action on the merits, and stating some substantial ground of defense to the action, if such action be commenced within six months after the dishonor of the instrument on which the action is brought."

In the case before us the action is on a promissory note dated October 26, 1891, for $2500 signed by defendant Pe-

terson and nine others, payable to the order of John F. Bowler, trustee, six months after date, with interest at one per cent. per month, upon the payment of which Bowler was to assign to the makers the mortgage upon the "Elele" newspaper plant. The note was endorsed by Bowler to plaintiff. The suit was brought October 17, 1892, and all the defendants were served. On the 4th November, 1892, the defendants' attorney filed with the Clerk a paper as follows: "In "the Supreme Court of the Hawaiian Islands. January "Term, 1893. John S. Walker vs. A. P. Peterson et al. De-"fendants' answer. And now come the defendants by their "attorney and deny the truth of each and every allegation in "plaintiff's complaint contained. (Sig.) A. P. Peterson and "the names of all the defendants by their attorney A. P. "Peterson. Honolulu, H. I., Nov. 4, 1892."

At the February Term, 1893, of the Circuit Court, First Circuit, to which the case came by the Act to Reorganize the Judiciary Department, on the 11th day of February, counsel for plaintiff having given written notice to defendants' counsel of his intention so to do, applied to the Court for judgment by default on the ground that no answer had been filed as by the statute in such case made and provided. The motion was heard on the 25th February. The notes of proceedings by the Clerk say that "the Court grants the motion on the ground that no answer had been filed in accordance with law and the purported answer is ordered stricken from the record." A certificate signed by the Clerk, and dated the same day, is on file to the effect that no answer according to the statute in such case made and provided has been filed in the cause, and that it appears by the return of the Marshal that each of the defendants has been personally served with a copy of the summons, and that more than twenty days have elapsed since service and no answer complying with the statute has been filed by any of the defendants. The order declaring defendants in default, signed by Circuit Judge Whiting, is dated the same day and recites that it appears by the certificate of the Clerk, made and filed this day, that the

defendants are in default and that no answer by one or either of them has been filed as by the statute in such case made and provided, and it appearing that plaintiff's claim is based on a promissory note made by defendants, it orders, adjudges and decrees the defendants to be in default, and refers to the Clerk the assessment of the amount of the plaintiff's claim— principal, damages and interest—and to enter judgment thereupon with costs.

To this the defendants took exceptions. It is urged upon us in support of the exceptions that the proceedings were irregular and should be set aside, because *an answer was filed* within twenty days and the Clerk's certificate is defective and untrue in stating that no answer was filed. It should have said that the answer filed was not accompanied by an affidavit setting out some substantial ground of defense. Moreover, that the order declaring defendants in default was made before the so-called answer was ordered to be stricken from the files.

We do not regard this position as sound. If the Clerk's minutes would indicate that the motion for default was granted before the answer was ordered stricken from the files, this cannot impugn the record itself which consists of the certificate of the Clerk that no answer as required by statute was filed and the order for judgment by default which recites the certificate. The legal presumption is that where the date is the same of several acts, they must be considered to have been done in their proper logical order, and we must presume that the certificate was filed before the order. We notice that the Clerk's minutes state the granting of the default and the striking off of the answer in one and the same sentence.

The statute, Section 1109, Compiled Laws, entitles a plaintiff to receive from the Court an order declaring the defendant in default, "in case the defendant does not put in an answer to the petition as hereinbefore required," the plaintiff to prove service of the summons and default in answering, "by the clerk's certificate." The so-called answer was not the answer required by statute in the case at bar. It was

not for the Clerk to refuse to file it, it being labelled "Defendants' answer." The statute says "*he shall not be allowed*" to file an answer of the description under consideration. This does not give the Clerk the judicial function to decide whether or not the paper complies with the statute. It means that in law such a paper cannot be considered by the Court as an answer, and the course pursued was the proper one—to treat it as a nullity and order it off the record.

No effort was made by defendants before the time for answer had expired to amend the so called answer so as to comply with the law, and no leave was asked of the Court to do this before motion to declare defendants in default, nor was there a motion made to open the default. The defendants rely on the record as showing error. We find none. Exceptions overruled.

*C. Brown*, for plaintiff.

*C. Creighton*, for defendants.