## THE QUEEN *vs.* HENRY F. POOR.

### EMBEZZLEMENT.   EXCEPTIONS.

HEARING, JULY 8, 1893.          DECISION, JULY 25, 1893.

JUDD, C.J., BICKERTON AND FREAR, JJ.

Following *Provisional Government vs. C. A. Hering* (decided July 24th,
1893), the Court declines to entertain exceptions from the Circuit
Court, First Circuit, to the overruling of a demurrer to indict-
ments—no final disposition having been made of the case in the
Circuit Court.

OPINION OF THE COURT, BY BICKERTON, J.

The defendant was committed by the Police Justice of
Honolulu on the 7th day of July, 1892, for trial before the
next term of the Supreme Court.   At that date the said
Court was in session, holding the regular July term.   On
July 29th, five indictments were found against defendant and
presented to the Court.   On July 30th, 1892, the last day of
the term, the defendant filed a motion to quash the indict-
ments on the ground that they had not been presented by an
officer having any legal authority to present the same, the
indictments having been signed by H. A. Widemann as
Attorney-General *ad interim* by his deputy, Chas. Creighton.
The question was reserved for the Supreme Court in Banco.
The motion was sustained by a decision of that Court filed
October 15th, 1892.   At that date the regular term of the
Supreme Court was being held.   On the 28th of October,
1892, five indictments were presented and the defendant was
allowed until the January term, 1893, to plead.   In the
meantime the new Judiciary Act came into force and the said
January term was not held, but by law all cases returnable at
that term went on the calendar for the February term, 1893,

·of the Circuit Court of the First Circuit. At that term these cases were by order of the court continued until the May term, at which term the defendant demurred to the sufficiency of the indictment, counsel contending that the defendant had been put in jeopardy by the indictments presented by Attorney-General Widemann, and that there had been a failure to prosecute. Whereupon the Court filed its decision on the 13th day of June, 1893, the term having expired by limitation on the 27th day of May, 1893, in which it says :

"It seems to me that the demurrer does not raise the points contended for on the part of the defendant, it being the province of a demurrer to raise points of law upon the pleadings and not upon the record, and for that reason the demurrer must be overruled. If the points contended for by the defendant were properly before the Court, it does not seem to me that the records show such a state of facts as to sustain the defendant's contention."

The defendant then excepted to this ruling, and the matter now comes here on a duly allowed bill of exceptions.

The question as to the trial being suspended while defendant's exceptions were pending and undecided, is discussed and passed upon in the decision in the case of the *Provisional Government vs. C. A. Hering*, filed July 24th, 1893 (*ante*, page 181). The language of the Court there is as follows :

"The demurrer having been overruled and excepted to, the defendant was asked to plead, but protested against his being required to do so while his exceptions to the overruling of the demurrer were pending and undecided, and, on this objection being overruled, defendant excepted. Exceptions to the overruling of a demurrer have never formally been held to suspend the trial, though instances may be cited where this Court has entertained such exceptions before trial on the merits. It will be found that the prosecution has in such cases either consented to this procedure, or it has been unnoticed by the Court. The general course has been to have the exceptions noted and proceed with the trial, and

this course, as we have remarked in several cases recently decided, *Prov. Gov't vs. Smith, Prov. Gov't vs. Ah Un,* and *Brown vs. Carvalho,* is the best course, and we adhere to it. We see no error in the Court's ordering the trial to proceed."

In this case the Court could not have ordered the case to proceed, as the term had closed when the decision overruling the demurrer was filed, so the case stands on the calendar for trial at the next August Term, when the Court may order the trial to proceed, and should there be a conviction, then the exceptions to overruling the demurrer comes up with any other exceptions taken and allowed, as was done in the Hering case. This holding cannot work any hardship on parties, vide Section 72 of the Judiciary Act of 1892, which is as follows:

"Whenever any question of law shall arise in any trial or other proceedings before a Circuit Court, the presiding Judge may reserve the same for the consideration of the Supreme Court; and in such case shall report the cause, or so much thereof as may be necessary to a full understanding of the questions, to the Supreme Court."

This authority is clearly discretionary with the Judge, and we are of the opinion that it is also discretionary with the Court to order the trial suspended where the question is one of great importance and may be decisive of the case, or to order the trial to proceed. Section 51 of the Act gives this Court jurisdiction to hear and determine all questions of law reserved by any Circuit Court or Judge. We therefore have to decline to entertain defendant's exceptions.

*F. M. Hatch,* for the prosecution.

*A. P. Peterson* and *A. Rosa,* for defendant.