IN THE MATTER of the ESTATE of A. AKAHI, Deceased, L. KEAWEHAKU, Petitioner, and TRUSTEES of the ESTATE of B. P. BISHOP, Respondents.

IN PROBATE. PETITION TO REVOKE PROBATE OF WILL.

HEARING, DECEMBER 18, 1894. DECISION, JANUARY 26, 1895.

JUDD, C.J., BICKERTON, J., AND COOPER, CIRCUIT JUDGE, IN PLACE OF MR. JUSTICE FREAR, ABSENT ON ACCOUNT OF ILLNESS.

No appeal lies to the Circuit Court at term from an order of a Circuit Judge at Chambers refusing to revoke the probate of a will.

An appeal to the Circuit Court at term was dismissed by the court; Held, that an appeal from the order was not the proper method of bringing the case before this Court, it being a term matter the question should have been presented on a bill of exceptions.

OPINION OF THE COURT, BY JUDGE COOPER.

The petitioner, L. Keawehaku, filed his petition in the Circuit Court, praying that the order admitting the will of decedent to probate be revoked. The case was heard on its merits, and the Judge at chambers refused to revoke the order and dismissed the petition. The petitioner thereupon noted an appeal to the Circuit Court at term, which was met by a motion on the part of the respondents asking that the case be stricken from the calendar, on the ground that there was no provision of law whereby the case could be tried by a jury. The Circuit Court granted the motion and dismissed the appeal. The petitioner then filed a notice of appeal to this Court, and the respondents now claim that the case is not properly here, for the reason that his remedy was not by appeal, but by bill of exceptions. We find that the contention of the respondents is correct. The order complained of was made by the Circuit Court at term, and the method of

bringing such a case to this Court is by bill of exceptions, and not by general appeal. The case not being regularly before this Court, the appeal might be dismissed upon that ground alone, but we go further even at the risk of inserting what under the circumstances might be strictly termed *dictum*, and find after an examination of the whole proceeding that the appeal to the Circuit Court at term was properly dismissed.

The law of 1864 authorizing the trial of issues of fact in matters of probate and administration by a jury does not afford the petitioner any relief in this case. The validity of the will had been passed upon and an order admitting it to probate had been entered by a court of competent jurisdiction. The filing of the petition for revocation did not raise any question of fact that could properly be tried before a jury. Undoubtedly, the probate court had the right to revoke the order upon a sufficient showing, but whether or not such a course should be followed, was a question of law based upon the facts presented at the hearing on the petition. The Court declined to grant the petition, and such a decision was reviewable only by an appeal to this Court, which would have raised the same points as were tried by the Circuit Court.

The correctness of the decision of the lower court in declining to grant the prayer of the petition is not before us; the only matter that can now be decided is whether the petitioner had a right to appeal to the Circuit Court at term, and this we have decided in the negative.

*J. M. Poepoe,* for petitioner.

*F. M. Hatch* and *C. W. Ashford,* for respondents.