KAHULUI RAILROAD COMPANY, a Corporation, *v.*
HAWAIIAN COMMERCIAL & SUGAR COMPANY,
a Corporation, and JOHN F. HACKFELD.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED SEPTEMBER 29, 1898.     DECIDED APRIL 10, 1899.

WHITING, J., A. G. M. ROBERTSON, ESQ., OF THE BAR, IN PLACE
OF JUDD, C.J., DISQUALIFIED, AND J. T. DE BOLT, ESQ.,
OF THE BAR, IN PLACE OF FREAR, J., ABSENT.

Errors occurring in circuit courts in actions at law, i. e., term cases,
can be considered by this court only when brought up on excep-
tions, or on a bill of exceptions, or by a writ of error.

Appeals do not lie in such cases.

In an action of debt a term case, instituted in a circuit court, and dis-
posed of therein at a term thereof upon the pleadings, without any
evidence being adduced, and without a trial upon the merits;
*Held,* that defendants' exceptions therein, which were taken, re-
duced to writing, allowed and signed by the judge, and filed, was
and is in accordance with Sec. 2, of Act 40 of the Laws of 1898,
which amends Sec. 74 of Chap. 57 of the Laws of 1892; and that
Rule 15 of the Rules of the Circuit Courts does not apply in this
case; and that defendants are entitled to be heard upon their excep-
tions, without the same being incorporated in a bill of exceptions.

OPINION OF THE COURT BY J. T. DE BOLT, ESQ.

This is an action of debt, instituted in the Circuit Court of
the First Judicial Circuit, and disposed of therein at the
August term, 1898, thereof, upon the pleadings, without any
evidence being adduced and without a trial upon the merits.

To the plaintiff's petition filed therein the defendants interposed a demurrer, which the court overruled, whereupon the defendants duly excepted to the ruling of the court thereon, and having reduced the exception thus taken to writing the same was duly allowed and signed by the judge, and filed herein. Thereafter, defendants declining to file an answer to plaintiff's petition, counsel for the plaintiff moved the court that judgment be given and entered upon the record against the defendants for the amount of the plaintiff's claim and costs. This motion the court granted, to which ruling the defendants also duly excepted, and this exception was likewise reduced to writing and being duly allowed and signed by the judge, the same was then filed herein.

Counsel for the defendants also filed a notice of appeal herein, which we consider was wholly unnecessary and irregular, this being an action at law in which an appeal does not lie. (*Serrao v. Soares et al., ante* p. 284.) Under the Judiciary Act of 1892 and the amendment thereto, (Act 40, Laws of 1898), actions at law, i. e., term cases, (the action at bar being one of this character), must and can only be brought up from the circuit courts on exceptions, or bill of exceptions, or, under Chapter 95 of the Laws of 1892, by a writ of error.

"Upon the allowance of such exceptions and the deposit of twenty-five dollars, or a bond of this amount, by the party excepting, with the clerk of such court, for costs to accrue in the Supreme Court, the questions arising thereon shall be considered by the Supreme Court," (Sec. 75, Chap. 57, Laws 1892); i. e., these statutory steps having been duly taken the cause is thus by operation of law transferred to the Supreme Court. There was also filed herein, a certificate signed by the trial judge, which, as to form and substance is a substantial compliance with rule of this court promulgated June 24th, 1895, thereby authorizing the clerk to place this case upon the calendar.

Upon this case being reached on the calendar in this court counsel for the plaintiff moved the court, "that the appeal of

the defendants herein be dismissed on the ground that no appeal lies from the decision of the circuit court herein."

This motion we allow upon the ground therein stated and for the reasons hereinabove mentioned. There yet remains, however, for our further consideration the question of the defendants' exceptions, which were duly taken, allowed, signed and filed herein as above shown.

Counsel for the plaintiff, both in oral argument and in their brief, in addition to their motion to dismiss defendants' appeal and in their argument thereon, further contended that as the defendants had not incorporated their exceptions in a bill of exceptions, that therefore, the defendants were not properly before this court, and were not entitled to be heard upon their said exceptions. With this contention we cannot agree.

The question thus presented by the record in this case for our decision, is without judicial precedent in the Hawaiian Islands.

Counsel for the plaintiff base their contention upon the Judiciary Act of 1892, and the amendments thereto, and upon Rule 15 of the Rules of the Circuit Courts.

Section 2, of Act 40, of the Laws of 1898, which amends Section 74 of said Judiciary Act, provides, among other things, that the exceptions, "being reduced to writing in a summary mode, and presented to the judge during the term,   *   *   * and being found conformable to truth, shall be allowed and signed by the judge."

The defendants in this case have complied with this and with all other necessary statutory provisions, and said Rule 15 does not apply herein (whatever its application may be in other cases where evidence has been adduced and a regular trial had upon the facts), because the alleged errors are fully and sufficiently indicated by the exceptions brought up. It, therefore, necessarily and logically follows, that the defendants are properly before this court upon their said exceptions and are entitled to be heard thereon.

The case at bar, which involves exceptions to the ruling of

the circuit court solely upon a point of law developed from the pleadings and appearing upon the record and not being extraneous thereto, is clearly distinguishable from those cases in which evidence is adduced and a regular trial had upon the facts alleged, in which exceptions are taken during the progress of the trial which do not appear upon the record. If any further argument is wanting than the clear and explicit language of the statutory provisions above mentioned in support of our conclusion, we find it in the fact that the decision of the circuit court was rendered upon the pleadings alone, without a trial upon the facts, and without any evidence, and the exceptions thereto having been taken, allowed, signed and filed as aforesaid, and the same clearly appearing of record, they are thereby duly and sufficiently designated, identified and pointed out; thus obviating any necessity for a formal bill of exceptions.

The errors complained of in this case could not have been more clearly shown by a formal bill of exceptions than they have been without one. The only purpose of a bill of exceptions is to designate, identify and point out supposed errors of the lower court which may occur during the trial upon the evidence and facts, and which would not otherwise appear upon the record, so that the appelate court may know what is before it for consideration.

In the case of *Doctor v. Hartman*, 74 Ind. 230, Judge Elliott says: "If it had been necessary to examine any matters outside of those properly disclosed by the record, then, doubtless, a bill of exceptions would have been necessary, but here the facts were fully, and affirmatively shown by the record, and a bill of exceptions could not have supplied any additional material information. Where full information and all essential facts are shown in the record, no bill of exceptions is necessary; or, as was said in *Young v. Martin*, 8 Wal. 354, 'no bill of exceptions is necessary where the error alleged is apparent upon the face of the record.'" In the case of *Hamlin v. Reynolds*, 22 Ill. 209, which was a judgment upon a demurrer, Judge Walker says: "The judgment on the demurrer is as much a part of

the record as any other judgment that is rendered by the court in the cause. The office of a bill of exceptions is to preserve that of record, which otherwise would not appear of record. By the practice of courts of common law jurisdiction, the evidence in a cause, the decision of the court in admitting or rejecting evidence, affidavits on motions, and the reasons upon which motions are made, the giving and refusing instructions, and various other matters, do not appear of record, and are no part of it, unless embodied in a bill of exceptions, and by that means made a part of the record of the case. In the decision of all such questions, the judgment of the court is not usually spread upon the roll of its proceedings. While judgments by default, on demurrer, in cases of non-suit, final judgment on verdict, etc., have by the practice at all periods, been so entered and regarded as a part of the record. It would be improper practice, to embody a judgment on demurrer in a bill of exceptions, as it would uselessly incumber the record and unnecessarily add to the expense of litigation."

3 Ency. of Plead. & Prac. 407, and numerous cases cited; *State v. Judge of District Court,* 5 So. 407; *State v. Judy,* 60 Ind. 138.

In the case of *Weeks v. Gold Mining Co.* 73 Cal. 599, the Court held that, "An erroneous ruling of the lower court in rendering judgment on the pleadings without a trial of the action may be reviewed on an appeal from the judgment without being incorporated in a bill of exceptions, when the judgment recites that it was rendered on the pleadings."

We, therefore, hold that the defendants are properly before this court upon their said exceptions, and that they are entitled to be heard thereon.

*Kinney & Ballou* for plaintiff.

*A. S. Hartwell* and *L. A. Thurston* for defendants.

### DISSENTING OPINION OF WHITING, J.

I respectfully dissent from the decision of the majority of the court.

This was an action at law returnable before the First Circuit

48

Court at the August term, 1898. The defendant demurred to the complaint, and a hearing thereon was had by the court in term time, and the demurrer was overruled. Thereafter, no answer being filed by the defendant, judgment was entered for plaintiff on its motion. The defendant duly excepted to the decision overruling the demurrer and also excepted to the granting of the motion for judgment. Each exception was reduced to writing, allowed by the court and duly filed. These exceptions were not embodied in a bill of exceptions, but defendant filed the following notice of appeal:

"Defendant's appeal. The defendant hereby gives notice of appeal, and hereby appeals from the decision of Judge Stanley made August 22d, A. D. 1898, in the above entitled cause, ordering that judgment be entered upon the record for the amount of plaintiff's claim and costs."

This appeal was duly certified by the judge. It will be noticed that this appeal does not refer to the exceptions taken to the overruling of the demurrer. The plaintiff moved this court to dismiss the appeal of defendant on the ground that no appeal lies from the decision of the circuit court herein.

As regards the exception to the overruling of the demurrer, there has been no appeal taken or allowed, nor is it embodied in a bill of exceptions and therefore under our practice and the decisions thereto appertaining, it is not properly before this court. (See cases cited below.)

The second exception is brought to this court by appeal and so certified by the circuit court. The case is an action at law and is a circuit court term case, and errors alleged therein must be taken advantage of by exceptions and those exceptions be embodied in a bill of exceptions duly certified to this court before the case can be heard here. I consider this to be the settled practice of the courts of Hawaii, and applies to the case at bar as well as other actions at law. *Serrao v. Soares*, p. 285 *ante*; *In re Estate of Akahi*, 9 Haw. 610; *Kapuakela v. Iaea*, 10 Haw. 103, *Notley v. Kukaiau Plantation Co.* p. 526 *ante*: *Haae v. Kuluwaimaka*, 10 Haw. 347. See also *Prov. Gov. v. Hering*, 9 Haw. 182; *The Queen v. Poor*, 9 Haw. 218; Act 40, Sec. 2, Laws 1898; *Joannes v. Burt*, 6 Allen 239.