## WESTERN NATIONAL BANK *v.* W. C. PEACOCK & CO., LTD.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED DECEMBER 10, 1906. DECIDED DECEMBER 14, 1906.

FREAR, C.J., HARTWELL AND WILDER, JJ.

BILL OF EXCHANGE—*want of consideration to acceptor, not a defense.*
> Want of consideration to an acceptor of a bill of exchange is not a defense to an action against him by the payee if the latter paid a consideration to the drawer.

ID.—*answer a nullity, if affidavit of defense insufficient.*
> Under the statute which prohibits the filing of an answer, in an action by a payee against an acceptor of a bill of exchange, unless accompanied by an affidavit stating some substantial ground of defense, the judge at chambers may treat as a nullity an answer, if filed, even though accompanied by an affidavit, if the latter is insufficient, and may order judgment by default; it is unnecessary for the court, as distinguished from the judge at chambers, to pass first upon the sufficiency of the affidavit.

EXCEPTION OR ERROR, NOT APPEAL—*lies from judgment of default at chambers.*
> Exceptions or error, not appeal, is the proper method of bringing up a judgment by default entered in a circuit court case although ordered by the circuit judge at chambers.

OPINION OF THE COURT BY FREAR, C.J.

This is an action by the payee against the acceptor of a bill of exchange for $1748.56. The bill was drawn by the Hilbert Mercantile Co. at San Francisco November 4, 1905, payable to the plaintiff, a national bank of San Francisco, and indorsed accepted by the defendant, a Hawaiian corporation, December 23, 1905. It was payable six months after date and, default having been made in payment, this action was begun July 21,

1906. The defendant filed an answer of general denial with notice of intention to rely on want of consideration, and an affidavit that it had a good, valid and meritorious defense for the reason that it had never received any consideration for the bill of exchange, and that it was not legally or morally indebted to the plaintiff upon the same. The circuit judge at chambers held the affidavit insufficient, ordered it and the answer struck out, and ordered judgment by default for the plaintiff. The defendant appealed.

The affidavit was insufficient unless it stated some substantial ground of defense. The mere fact that the defendant, the acceptor, had never received any consideration for the bill of exchange was not a substantial ground of defense, for there might have been a good consideration as between the drawer and the payee, who is the plaintiff. *Arpin v. Owens,* 140 Mass. 144. And an affidavit of defense which merely states that the acceptor of a bill or indorser of a note had not received a consideration is insufficient. *Superior National Bank v. Stadelman,* 153 Pa. St. 634. But the defendant contends that so long as an answer and affidavit were filed, whether sufficient or not, the circuit judge at chambers was without jurisdiction to order a default, or, to put it differently, that the question whether the affidavit was sufficient or not had to be decided by the court in which the action was pending, namely, the circuit court, as distinguished from the circuit judge at chambers, before the latter could acquire jurisdiction to order a default. This contention cannot be sustained.

The statute (Rev. L., Sec. 1727) provides that in cases of this kind the defendant "shall not be allowed to file an answer unless he shall file therewith an affidavit * * * stating some substantial ground of defense," and (Sec. 1728) "in case the defendant does not put in an answer to the petition as hereinbefore required, the plaintiff * * * shall thereupon be entitled to demand and receive of the court, or judge at chambers, an order declaring the defendant in default." If the affidavit was insufficient, as it undoubtedly was, the answer could

be regarded in law as if not filed, for the statute provides that the defendant shall not be allowed to file it in such case. The answer was properly treated as a nullity. *Walker v. Peterson,* 9 Haw. 93, a case in which the default was ordered by the court; *Byrne v. Orpheum Co., Ltd.,* 16 Haw. 786, a case in which it was ordered by the judge at chambers. In each of these cases an answer was filed without an affidavit of defense. The judge at chambers in passing upon the motion for a judgment of default necessarily had jurisdiction to pass upon the preliminary question as to whether the circumstances were such as to warrant such a judgment. He had jurisdiction of that question incidentally as a necessary condition for the exercise of the jurisdiction to pass on the motion.

We have considered the case as if it were properly here on appeal although in our opinion it should have been brought up on exceptions or error. It is true the order for judgment was made by the judge at chambers but it was in the exercise of incidental or ancillary jurisdiction in a term case in the circuit court. The judgment actually entered by the clerk was, as it should be, a judgment of the court and not an order or decree at chambers. The incidental jurisdiction at chambers in a term case is to be distinguished from the independent jurisdiction— in equity or probate, for instance—of a judge at chambers. The expression "circuit judge at chambers" has two meanings in our statutes. *Carter v. Gear,* 16 Haw. 242.

The appeal is dismissed.

*Castle & Withington* for plaintiff.

*C. W. Ashford* for defendant.