# HAWAIIAN NEWS CO., LTD., A CORPORATION, *v.* C. H. McBRIDE.

## APPEAL FROM DISTRICT MAGISTRATE, HONOLULU.

SUBMITTED NOVEMBER 10, 1909.　　　　DECIDED NOVEMBER 12, 1909.

### HARTWELL, C.J., WILDER AND PERRY, JJ.

GARNISHMENT—*examination of judgment debtor.*

> The issuance of an execution is not a condition precedent to the making of an order, under R. L., Sec. 2117, for the examination of a judgment debtor.

ID.—*power of magistrates.*

> District magistrates are authorized to make such orders in proper cases.

### OPINION OF THE COURT BY PERRY, J.

Plaintiff obtained judgment against the defendant in the sum of $55.91 on August 2, 1909, in the district court of Honolulu. On October 13, 1909, it filed in that court an application for an order that the judgment debtor be orally examined "as to any and what debts are owing to him and for such other and further rule, order or summons as the plaintiff may be entitled to in the premises." An order was thereupon made by the magistrate reciting the application and requiring the defendant to appear at a time and place named "to answer under oath all questions that may be put to you as to any and what debts are due and owing to you." On the return day the defendant moved to quash the order on the ground that it appeared "that no execution had issued and been returned on plaintiff's judgment and that the issuance and return of an execution on the judgment is a condition precedent to an order for an examination under Sec. 2117 of the Revised Laws," and the motion was granted. Plaintiff appeals to this court on points of law to ascertain the correctness of the ruling.

The application and order were made under R. L. Sec. 2117. That section reads as follows: "It shall be lawful for any creditor who has obtained a judgment in any court, to apply to the court or a judge thereof for a rule, order or summons, that the judgment debtor shall be orally examined before a judge of such court, or such other person as such court or judge, if of a court of record, shall appoint, as to any and what debts are owing to him, and the court or judge may make such rule or order for the examination of such judgment debtor, and for the production of any books or documents, and the examination shall be conducted in the same manner as in the case of oral examination of witnesses under the law in that case made and provided." The proceedings and remedy provided for under this section are purely statutory. The extent of that remedy and the prerequisites to securing it are to be found in that section and possibly in other sections relating to the same subject. Neither in the language of Sec. 2117 nor in that of any of the other provisions of the chapter of which it is a part do we find any requirement that an execution must issue and be returned unsatisfied as a condition precedent to the filing of the application or the making of the order, or that an affidavit showing these facts must be filed with the application. The only requirements are that the applicant be a creditor who has obtained a judgment in any court and, inferentially, that the judgment remain unsatisfied in whole or in part. These latter facts appear upon the face of the application in this instance.

It is also suggested that "the district court not being a court of record or superior court of law is without jurisdiction to invoke the power granted by Sec. 2117," reference being made in support of the suggestion to Sec. 2127, R. L., which reads, "the provisions of this chapter and the powers conferred herein shall extend to all the common law courts of this Territory according to their jurisdiction." The "common law courts" mentioned are those which, in contradistinction to courts of equity,

administer justice according to the principles and forms of the common law. Our district courts are in that class. The language of Sec. 2117 itself shows that it was intended to apply to courts not of record as well as to courts of record. The examination authorized by it may be "before a judge of such court or such other person as such court or judge, if of a court of record, shall appoint," the clear inference being that the examination must be before the judge himself if in a court not of record.

Defendant, who appears in this court in person, further contends that the section is unconstitutional in that "no provision is made for the establishment of facts necessary to give the court jurisdiction to act," and because it is "iniquitous and oppressive." What constitutional provision is violated is not stated. We see no force in the argument made and are aware of no reason for holding the statute unconstitutional. The provisions of Sec. 2117 and related sections are salutary and designed to aid in the enforcement of justice.

The ruling appealed from is reversed and the case remanded to the district magistrate for further proceedings not inconsistent with this opinion.

*Thompson & Clemons* for plaintiff.

*C. H. McBride,* defendant, in person.