THE VOLCANO STABLES & TRANSPORTATION COMPANY, LIMITED, PLAINTIFF, *v.* J. S. FERRY, DEFENDANT; J. G. SERRAO, GARNISHEE.

RESERVED QUESTIONS FROM CIRCUIT COURT, FOURTH CIRCUIT.

SUBMITTED SEPTEMBER 21, 1914.    DECIDED SEPTEMBER 28, 1914.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

COURTS—*circuit judge at chambers—jurisdiction—garnishment.*

The expression "circuit judge (or court) at chambers" has two meanings in the statutes of this Territory. It may refer either to the independent jurisdiction exercised at chambers pursuant to R. L. Sec. 1648, or to the incidental jurisdiction exercised at chambers in connection with or ancillary to an action at law. A proceeding for the attachment of a debt due a judgment debtor pursuant to R. L. Secs. 2117, 2118, may be had in exercise of the jurisdiction of the latter kind.

GARNISHMENT—*attachment of debt after judgment—form of order citing judgment debtor.*

Under R. L. Sec. 2117, the direction to the judgment debtor should be to appear for examination as to any and what debts are owing to him, but it is not such a defect as to require the quashal of the order that the direction was to appear and show cause why a particular debt due to him should not be attached and paid to the judgment creditor. Both debtor and garnishee may be summoned at the same time and pursuant to the one order.

OPINION OF THE COURT BY ROBERTSON, C. J.

The plaintiff filed in the court below a sworn petition setting forth that in an action of assumpsit commenced in the circuit court of the fourth judicial circuit by the plaintiff against the defendant, the plaintiff recovered judgment on the 16th day of June 1913, in the sum of $797.70; that the sum of $202.50 has been paid to the plaintiff on account of said judgment; that the sum of $595.20 is due and owing, and that to said amount said judgment remains unsatisfied; and that J. G. Serrao, named herein as garnishee, is indebted to the defendant and is within the jurisdiction of the court. The prayer of the petition was "that upon a day certain to be set by your honor the said J. G. Serrao and the said J. S. Ferry shall be summoned to appear before your honor and that each of them may show cause why the amount due from the said garnishee to the said defendant should not be paid by the said garnishee to the said plaintiff or so much thereof as may be sufficient to satisfy the said judgment debt of $595.20 and that plaintiff may have judgment against the said garnishee for such sum as may be then and there found due from the garnishee to the said defendant and for costs and such other and further relief as to the court may seem meet." Upon this petition the circuit judge made and entered an order directing "that the said J. S. Ferry and J. G. Serrao be each served with a copy of this order and of the petition herein filed and that they be summoned to appear before me at my chambers in Hilo on Tuesday the 3rd day of March, A. D. 1914, at 10 o'clock, A. M. there to show cause, if any they have, why the debt due from the said J. G. Serrao to the said J. S. Ferry should not be attached in the hands of the said J. G. Serrao and that a judgment be entered against the said defendant and the said garnishee requiring the said garnishee to pay such debt as he shall then owe to the said plaintiff." The petition, order and summons were entitled "in the Circuit Court of the Fourth Judicial Circuit, Territory of Hawaii. In Chambers." After

service of the order the defendant appeared specially and filed a motion to quash the order upon several grounds which involved two questions which the circuit judge reserved for the consideration of this court, viz: (1) Under the circumstances set forth in this certificate and in the records transmitted herewith, did the circuit judge, sitting at chambers, have jurisdiction in supplemental garnishment proceedings as above set forth?, and (2) Did the circuit judge of the fourth circuit, sitting at chambers, have jurisdiction to order the defendant, J. S. Ferry, to appear and show cause why the debt due from the said J. G. Serrao to the said J. S. Ferry should not be attached in the hands of the said J. G. Serrao and a judgment be rendered against the said defendant?

Provisions for the garnishment of debts due a judgment debtor are contained in sections 2117-2121 of the Revised Laws. Section 2117 authorizes application to "the court or a judge thereof" for a rule, order or summons against a judgment debtor that he be orally examined as to any and what debts are owing to him. Section 2118 authorizes, upon the *ex parte* application of a judgment creditor either before or after such oral examination of the debtor, (upon a certain showing by affidavit) to order that all debts owing from any other person (called the garnishee) to the judgment debtor shall be attached to answer the judgment debt, and by the same or a subsequent order the garnishee may be directed to appear and show cause why he should not pay the judgment creditor the debt due from him to the judgment debtor. Section 2119 provides that service of the order attaching debts shall bind the debt in the garnishee's hands. The remaining sections provide for a hearing in case the garnishee disputes liability, for the issuance of execution, etc.

The contention of counsel for the defendant that the proceedings authorized by the statute are to be had on the law side of the circuit court, and not before a circuit judge in exercise of the jurisdiction conferred by section 1648 of the Revised

Laws is correct. This was pointed out in *Hawaiian News Co. v. McBride,* 19 Haw. 625. But counsel is wrong in assuming that because the petition and order were entitled "In Chambers" the proceeding was brought within the independent jurisdiction of the circuit judge above referred to. The expression "circuit judge at chambers" has two meanings in our statutes; it may have reference either to the independent jurisdiction exercised pursuant to section 1648, or to the incidental jurisdiction exercised at chambers in connection with or ancillary to an action at law pending in the circuit court. *Western Nat. Bank v. Peacock,* 18 Haw. 161. The making of the order in this case was a proper exercise of the jurisdiction of the kind last mentioned, and the papers were appropriately entitled in the circuit court, in chambers.

The form of the order was not in strict accord with the terms of the statute. Properly, the direction to the defendant should have been to appear for examination as to any and what debts were owing to him. The direction was that he appear and show cause why the debt due him from Serrao should not be attached and paid to the plaintiff. But the debt became attached upon service of the order on the garnishee. The direction was specific instead of general, but under it, the defendant, upon appearing, could be orally examined as to the alleged indebtedness agreeably to the intent of the statute. We think there was a substantial compliance with the statute, and that the defect, if it could be called such, was merely technical, and did not require the quashal of the order.

Under section 2118 the application for an order attaching debts may be made either before or after the examination of the judgment debtor, and we know of no reason why both debtor and garnishee should not be summoned, as they were in this case, at the same time and pursuant to the one order.

We reply in the affirmative to each of the questions propounded.

*C. S. Carlsmith* for plaintiff.

*Harry Irwin* for defendant.