## IN THE MATTER OF THE CONTEMPT OF GOO WAN HOY.

### No. 1048

MOTION FOR LEAVE TO INTRODUCE NEWLY DISCOVERED EVIDENCE.

ARGUED NOVEMBER 12, 1917.　　　DECIDED NOVEMBER 17, 1917.

ROBERTSON, C.J., QUARLES AND COKE, JJ.

COURTS—*circuit court—circuit judge at chambers—judgment.*
　　Where upon an appeal to the supreme court the record in the case is in such condition that it is difficult to ascertain therefrom

whether the judgment appealed from was that of a circuit court or of a circuit judge at chambers, the case having gone to final judgment without any question as to jurisdiction being raised, the nature of the proceeding may be looked to as a determining factor on the question as to in what court the proceeding was had.

CONTEMPT—*appeal—newly discovered evidence.*

On the hearing of an appeal from a judgment of conviction of contempt of court only questions of law may be considered, and newly discovered evidence cannot be admitted.

*Per Curiam:*  Goo Wan Hoy appealed to this court from a judgment finding him guilty of contempt of court and sentencing him to imprisonment for thirty days.  Pending hearing of the appeal the appellant has filed a motion for leave to introduce certain newly discovered evidence.  That the evidence proposed to be offered is newly discovered and material to the issue is not disputed, but the attorney general contends that it is not admissible in this court on the appeal.  The attorney general further expressed the view that the contempt proceeding was heard in the circuit court—not by the circuit judge at chambers—and, hence, that an appeal does not lie from the judgment, but stated that he had not raised the point because he was satisfied that in no event could the evidence be received in this court. We deem it necessary, however, to ascertain at the outset whether the appeal is properly here since, if the proceeding below was had in the circuit court an appeal does not lie from the judgment.  *Kahului R. Co.* v. *Haw. C. & S. Co.,* 11 Haw. 749; *Western Nat. Bank* v. *Peacock,* 18 Haw. 161. The record in the case is in an uncertain and unsatisfactory condition.  The information which was the basis of the proceeding was entitled in the circuit court of the first judicial circuit, but the citation was in the form of a chambers summons issued in the name of the second judge of the first circuit court, and notified the accused to appear "in my courtroom," etc.  The judgment was entitled in the circuit court and signed by the clerk, but the mit-

timus recited that the accused was adjudged guilty of contempt of court at a hearing "at chambers." The clerk's minutes of the proceedings were entitled on one day in the circuit court and on another in the circuit court at chambers. In this confused state of the record we think that as the matter had gone to final judgment without any question being raised as to where the proceeding was had we may properly look to the nature of the proceeding as a determining factor. The contempt was alleged to have been committed during the hearing of a suit in equity. The contempt, if committed, then, was of the circuit judge at chambers, and the proceeding was a summary one had pursuant to the provision of the latter part of section 4052 of the Revised Laws. We hold that the rule that one court cannot punish a contempt against another court (9 Cyc. 30) applies to the punishing of contempts under our statute at least so far as summary proceedings are concerned. It follows, therefore, that as the alleged contempt was of a circuit judge sitting at chambers, the summary proceeding for its punishment could be had only before the judge at chambers, and we conclude that the doubt arising from the condition of the record should be resolved in favor of the view that the contempt proceeding was heard by the judge at chambers. An appeal is a proper method by which to have reviewed a judgment of a circuit judge at chambers. R. L. 1915, Sec. 2508; *ex parte Ah Oi*, 13 Haw. 534.

The movant relies upon section 2509 of the Revised Laws which provides that upon an appeal from a decree or judgment of a circuit judge at chambers wherein the facts as well as the law are reviewed "the appellate court may, in case evidence is offered, which is clearly newly discovered evidence and material to the just decision of the appeal, admit the same." Section 4056, however, which relates to the review of judgments in contempt cases, pro-

vides that "on any such appeal or other proceeding for review only questions of law shall be considered." Taking the two statutory provisions together we think that the special provision of the latter must be regarded as constituting an exception to the general provision of the former. The intention of the legislature being, as we gather it, that upon an appeal from a chambers judgment in a contempt case the facts are not to be reviewed as in other cases of appeals, but that the review is to be limited to a consideration of points of law. This being so it would be entirely out of harmony with the theory of appeals in contempt cases to admit new evidence in this court. Indeed, as the evidence could not be considered, it would be useless to admit it.

The motion is denied.

*J. Lightfoot* for the motion.

*I. M. Stainback,* Attorney General, contra.