IN THE MATTER OF THE APPLICATION OF JAMES
POORE HERRICK TO REGISTER AND CONFIRM
HIS TITLE TO LAND SITUATE IN KAPUAA,
WAIMANALO, KOOLAUPOKO, OAHU, TERRI-
TORY OF HAWAII.

No. 1619.

EXCEPTIONS FROM CIRCUIT COURT FIRST CIRCUIT.
HON. J. J. BANKS, JUDGE.

SUBMITTED MAY 27, 1926. · DECIDED JUNE 8, 1926.

PERRY, C. J., LINDSAY, J., AND CIRCUIT JUDGE MASSEE IN
PLACE OF BANKS, J., DISQUALIFIED.

APPEAL AND ERROR—*appeal from land court to a jury—refusal to set
aside decree.*
    An appeal does not lie to the circuit court with a jury from
an order of the land court refusing to set aside, on the ground
of fraud, a decree registering land.

OPINION OF THE COURT BY PERRY, C. J.

On September 20, 1923, James Poore Herrick, claiming
to be sole owner, filed an application in the land court
to register and confirm his title to certain land situate
at Waimanalo on this island. The statutory procedure
in such cases having been followed, a decree was entered
on December 19, 1923, confirming and registering the title
of the applicant. On April 25, 1924, a petition was filed
in the land court by one Frank E. Howes praying that
the decree be set aside, the proceedings reviewed and the
decree modified so as to include only an undivided one-
half interest in the land as the title of the applicant.
The petition was based on the ground of fraud, the main
allegation being that Herrick had assured Howes on the
eve of the departure of the latter for the mainland that

no proceedings to test the title would be commenced during the contestant's absence from the Territory and that, disregarding that assurance, Herrick had instituted the suit. Herrick denied the fraud. After hearing testimony on the issue of the alleged misrepresentations and other fraud the land court denied the petition for review. From the order denying the petition Howes appealed to the circuit court of the first circuit, sitting with a jury, and moved that issues be framed to be presented to the jury for determination. An order was subsequently made framing the issues as prayed for. Subsequently Herrick filed a motion to dismiss the appeal on the ground of lack of jurisdiction or, more specifically, on the ground that under our laws no such appeal lies. The motion to dismiss the appeal was overruled. The case comes to this court solely upon Herrick's exception to the overruling of the motion to dismiss the appeal.

The only question before us is whether an appeal lies from an order denying a petition to reopen a decree for fraud to the circuit court with a jury. The land court is a creature of statute. The procedure in cases relating to the registration of land is almost wholly, if not entirely, prescribed by statute. With reference to the final nature of the decrees of that court chapter 186, R. L. 1925, section 3228, contains the following: "If the court after hearing finds that the applicant has title, as stated in his application, and proper for registration, a decree of confirmation and registration shall be entered. Every decree of registration of absolute title shall bind the land, and quiet the title thereto, subject only to the exceptions stated in the following section. It shall be conclusive upon and against all persons, including the Territory, whether mentioned by name in the application, notice or citation, or included in the general description 'to all whom it may concern.' The decree shall not be

opened by reason of the absence, infancy or other disability of any person affected thereby, nor by any proceeding at law or in equity for reversing judgments or decrees; subject, however, to the right of any person deprived of land or of any estate or interest therein by a decree of registration obtained by fraud to file a petition for review within one year after the entry of the decree, provided no innocent purchaser for value has acquired an interest. If there is any such purchaser the decree of registration shall not be opened but shall remain in full force and effect forever, subject only to the right of appeal hereinbefore provided. But any person aggrieved by the decree in any case may pursue his remedy by action of tort against the applicant or any other person for fraud in procuring the decree." The petition for review in the case at bar was doubtless filed under these provisions. Nowhere in the chapter or in any other statute is any express provision to be found giving the defeated party on a petition for review of the decree the right of an appeal to a jury. It is claimed, however, that under section 3203 of the same chapter that right is conferred. The section named reads as follows: "In every case the decision of the court shall be filed in writing, and final decree may be entered thereon at any time after the expiration of ten days, unless an appeal shall have been taken as herein provided. Any party aggrieved by the decision of the court upon the facts involved in any cause, who desires a jury trial, may appeal to the circuit court sitting with a jury, in the first judicial circuit, or in the circuit where the land or a portion thereof lies, upon filing notice of his appeal within five days and paying the costs accrued and depositing a bond in the sum of $100.00 conditioned for the payment of costs further to accrue in case he is defeated in the circuit court, or money to the same amount, within ten

days after the rendition of the decision appealed from. Upon such appeal issues shall be framed therefor by the judge of the land court within thirty days after the filing of notice of appeal, or within such further time as the court may allow; and within ten days after the issue shall have been framed and allowed by the judge the registrar shall transmit to the circuit court the record in the cause, or such parts thereof and such papers and exhibits as the judge of the land court may designate as being material to the issues framed. No issues shall be tried in the circuit court except those specified upon the appeal. At the trial the record, papers and exhibits transmitted from the land court shall be considered as in evidence, and the testimony of witnesses given in the land court may be read in evidence; provided, however, that any witness may be called and examined before the jury, and further testimony may be adduced by any party. A special verdict shall be rendered. After the trial in the circuit court there shall be no further trial of any issue of fact unless a new trial shall be granted according to law." The question is purely one of the construction of this section. In our opinion it does not confer the right of appeal in such cases. The "decree" referred to in the first paragraph of the section last quoted is the final decree entered in the cause confirming or refusing to confirm the applicant's title and the "decision" thereby made appealable is, as we understand the statute, the decision upon the facts which were the basis of the grant or refusal of the registration prayed for. The position of this section in the chapter, and particularly with reference to section 3228, tends in some degree, though slight, to confirm this view; but a consideration of the statute as a whole and of its purpose and scheme of action leads to the same conclusion. The intent evidently was to give parties a right to a trial by jury

on the issues relating to the title to the land, leaving such proceedings as a motion for a setting aside of the decision or the decree and the reopening of the case for additional evidence or a motion for a new trial on the ground of newly discovered evidence or on other grounds to be disposed of by the court as in analogous situations in courts of law and of equity. The closing provision of section 3203 that "after the trial in the circuit court," meaning trial before a jury, "there shall be no further trial of any issue of fact unless a new trial shall be granted according to law" would seem very strongly to indicate that whether or not there shall be a new trial or a reopening of the decree or the taking of further testimony are matters that are to be determined by the presiding judge alone without the assistance of a jury.

The language of the first paragraph of section 3203 permitting an appeal to a jury, unlike other appeal statutes in this jurisdiction, requires that the appeal be taken from the decision and not from the decree, for it clearly contemplates and provides that the final decree may be entered on the decision "unless an appeal shall have been taken as herein provided" or, in other words, only if an appeal from the decision has not been taken. If before a final decree can be entered it must be first known whether an appeal has or has not been taken it necessarily follows that the appeal authorized is from the decision and not from the decree. In the case at bar the significance of this distinction is that it is thereby made clear that the decision which can be appealed from to a jury is one which precedes the final decree and leads up to it and not one which follows the final decree as in the present instance.

The analogies of the case seem to require this conclusion. Under somewhat similar circumstances all motions for setting aside judgments or decrees either on

the ground of fraud or on other recognized grounds are addressed to the court and are not subject to determination by a jury. A case not entirely in point but nevertheless of some assistance is that of the *Estate of Akahi* v. *Estate of B. P. Bishop,* 9 Haw. 610. It was there held that no appeal could be taken to the circuit court at term from an order of a circuit judge at chambers refusing to revoke the probate of a will. The statute of 1864, now R. L. 1925, section 2477, was then in force which provided that "whenever the value of the estate of any deceased person shall exceed five hundred dollars, any person claiming, before any judge, sitting as a court of probate, such estate, or any part thereof, or any interest therein, by virtue of any will or testamentary devise, or by virtue of the statutes of descent of property in the Territory, who may deem himself aggrieved by the decision of such probate judge at chambers, may, upon taking his appeal to the circuit court, if any matter of fact is in issue, move the appellate court that the issue of fact may be tried by a jury, and his motion shall not be denied." But the court said: "The law of 1864 authorizing the trial of issues of fact in matters of probate and administration by a jury does not afford the petitioner any relief in this case. The validity of the will had been passed upon and an order admitting it to probate had been entered by a court of competent jurisdiction. The filing of the petition for revocation did not raise any question of fact that could properly be tried before a jury. Undoubtedly, the probate court had the right to revoke the order upon a sufficient showing, but whether or not such a course should be followed, was a question of law based upon the facts presented at the hearing on the petition. The court declined to grant the petition, and such a decision was reviewable only by an appeal to

this court, which would have raised the same points as were tried by the circuit court."

The exception is sustained and the trial court is directed to enter an order dismissing the appeal to the circuit court with a jury.

*Frear, Prosser, Anderson & Marx* and *A. E. Steadman* for applicant.

*Thompson, Cathcart & Beebe* for respondent.