SAKUICHI MARUMI *v.* J. H. BONNELL, DEFENDANT, AND MAUI AGRICULTURAL COMPANY, GARNISHEE.

No. 1719.

MOTION TO DISMISS APPEAL.

SUBMITTED DECEMBER 24, 1926.        DECIDED JANUARY 4, 1927.

PERRY, C. J., BANKS AND PARSONS, JJ.

APPEAL AND ERROR—*decisions reviewable—no appeal in law cases.*

An appeal does not lie to this court from an order of a circuit court in a law case.

OPINION OF THE COURT BY PERRY, C. J.

This is an action of assumpsit for the recovery of the sum of $80, instituted in the district court of Makawao. After trial the magistrate rendered judgment in favor of the plaintiff and against the defendant for the sum claimed, with attorney's commissions and costs. From that judgment the defendant appealed to the circuit court of the second circuit, waiving jury. In the circuit court plaintiff moved that defendant's appeal from the district magistrate be dismissed "for the reason that defendant, being the party appealing, did not pay the costs accrued in said district court, as required by section 2508, Revised Laws of Hawaii, 1925." At the same time defendant

moved that the "cause be remanded to the district court of Makawao with instructions to enter judgment in said cause in accordance with proceedings had and in conformity with the pleadings." The circuit judge denied the plaintiff's motion and granted the defendant's motion and signed an order to that effect. The plaintiff thereupon filed a written document, entitled "Interlocutory Appeal and Notice Thereof," reading as follows: "Comes now Sakuichi Marumi, plaintiff herein, * * * and hereby gives notice of appeal and does appeal from the interlocutory order of this court," describing the order just referred to. In this court the defendant moves to dismiss the last named appeal on the ground that "this court has no jurisdiction to hear and determine said cause in that the said appeal is irregular and does not lie from the ruling of the trial court in the said cause."

No appeal lies from an order, whether final or interlocutory, of a circuit court in a law case to this court. The proper method of securing a review of the order in such a case is by exceptions or writ of error. The distinction between circuit courts sitting at term in law cases and circuit judges in chambers is fully discussed in *Carter v. Second Judge First Circuit*, 16 Haw. 242, 247. While appeals are allowed by statute (R. L. 1925, Sec. 2509) from judgments and decrees of circuit judges in chambers to the supreme court, whether such judgments and decrees be final or interlocutory, no such appeal is allowed by any of our statutes from judgments of circuit courts in law cases. "The order complained of was made by the circuit court at term and the method of bringing such a case to this court is by bill of exceptions, and not by general appeal." *Estate of Akahi*, 9 Haw. 610. "Thereupon the defendants 'appealed' to this court. This was erroneous. Questions of law can only come to this court from the circuit court at term by bill of exceptions duly

perfected and allowed by the presiding judge." *Republic* v. *Friedenburg,* 9 Haw. 626, 627. "This alleged appeal is improper and presents no questions to be considered by this court. The trial of this case, the parties having waived jury, is a trial by the court, and the decision is a decision of the court and not the decision of the judge. * * * In such cases, all alleged errors must be taken advantage of by exceptions and those exceptions be embodied in a bill of exceptions, whether they be on objections to evidence, rulings of law, or errors of law or facts in the decision. * * * A general appeal does not lie in such cases." *Serrao* v. *Soares,* 11 Haw. 284, 285. "Counsel for the defendants also filed a notice of appeal herein, which we consider was wholly unnecessary and irregular, this being an action at law in which an appeal does not lie. * * * Under the Judiciary Act of 1892 and the amendment thereto * * * actions at law, i.e., term cases, * * * must and can only be brought up from the circuit courts on exceptions, or bill of exceptions, or * * * by a writ of error." *Kahului R. R. Co.* v. *H. C. & S. Co.,* 11 Haw. 749, 750. Even when a circuit judge in chambers makes an order in a law case the proper method of obtaining a review is by exceptions or error and not by appeal. *Western National Bank* v. *Peacock & Co.,* 18 Haw. 161, 163.

The appeal from the order of the circuit court is dismissed.

*E. Vincent* for the motion.

*A. E. Jenkins* contra.