AH CHU *vs.* SUNG KWONG WO CO.

EXCEPTIONS FROM RULINGS OF McCULLY, J.

JANUARY TERM, 1885.

JUDD, C. J.; McCULLY AND AUSTIN, JJ.

There is no time limited within which a bill of exceptions, from an order denying motion for new trial, must be presented.

A bill of exceptions, referring to the Judge's minutes for the evidence, though informal, is not improper.

Exceptions can be taken from an order refusing a new trial.

OPINION OF THE COURT, BY AUSTIN, J.

A verdict against the defendants was rendered by the jury at the October term, 1884. Exception was duly noted at the time, and an informal motion for a new trial was made before Mr. Justice McCully, and his decision denying the motion was filed De-

cember 24, 1884. On December 26, 1884, notice of appeal from that decision was noted, and on January 16, 1885, the defendant tenders to Justice McCully for settlement a proposed bill of exceptions which he refused to sign. The exceptions are objected to as not presented in time.

In *Kamalu vs. Lovell*, 4 Hawn., 601, we held that the informal motion above referred to might be made without a bill of exceptions allowed, but if the party beaten on that motion sought to go farther, he must draft and present a bill of exceptions. The opinion fails to say when this should be done. Sections 834 to 839 and 1155 and 1156 of the Civil Code, which are the only ones which can affect the question, fail directly to speak of this second motion now sought to be made.

This defect ought to have been remedied by a direct rule of the Court. In the absence of such a rule we feel obliged to hold upon the statute that the exceptions were presented in time.

Another question raised is that the bill of exceptions did not contain the evidence. The bill filed refers to the Judge's minutes below and asks that they may be made part of it. Upon these his decision was based, and, though informal, we shall hold it enough in this case, but they must be copied and annexed to the bill.

Another point is made that the judge below denied the motion for new trial, and that this cannot be appealed from in this case because his decision was discretionary. The motion below was on two grounds: 1st, that the verdict was against evidence ; 2d, that the damages were excessive. Under the usual practice in this Court, we think such exceptions can be taken.

The exceptions were well taken and may be placed on the calendar for argument at the next term.

*A. S. Hartwell*, for plaintiff.

*W. R. Castle*, for defendants.

Honolulu, February 26, 1885.