## HENRY R. MACFARLANE *vs.* IRA A. LOWELL.

### EXCEPTIONS.

HEARING, APRIL 2, 1894.          DECISION, APRIL 24, 1894.

### JUDD, C.J., BICKERTON AND FREAR, JJ.

A motion for a new trial which is not founded upon error of law, is ad-
dressed to the judicial discretion of the trial court.

A stronger case must be made for interfering with the exercise of such
discretion where a new trial has been granted than where it has
been refused.

A note containing a recital of "value received" is *prima facie* evidence
of a valuable consideration.

Under the circumstances of this case, the order granting a new trial is
sustained.

### OPINION OF THE COURT, BY FREAR, J.

This case comes up on exceptions from the Circuit Court,
First Circuit, to an order granting a new trial on the ground
that the verdict, which was for the defendant, was against
the weight of the evidence.

The question presented to us is not precisely that pre-
sented to the trial judge on the motion for a new trial, but
rather whether that judge exercised a sound judicial dis-
cretion in granting the motion. This is the rule where the
motion is not founded upon errors of law. The trial judge
is in a much better position than we are to say whether the
verdict is in accordance with substantial justice between the

parties, for he hears the testimony of the witnesses and the arguments of counsel, and observes the whole course of the trial. An appellate court is more reluctant to interfere with the exercise of the discretion of the trial court where, as in this case, a new trial has been granted than where it has been refused. We so held in *Kaanaana vs. Keahi*, at the last September term, and such is the prevailing rule in other jurisdictions. To grant a new trial is but to send the parties to another jury, where another opportunity will be given for a full and fair investigation of their rights, while to refuse a new trial is to settle the case forever. Consequently, where there is a serious question as to the correctness of a verdict, and a new trial has been granted by the trial court in the exercise of its judicial discretion, the appellate court should not revise such exercise of discretion unless it appears to have been abused.

Upon a careful examination of this case we are of the opinion that there is a serious question as to the correctness of the verdict, and that the trial court did not abuse its discretion in granting a new trial. While we may not, under the circumstances of this case, have reversed the order, if a new trial had been refused, yet we think, on the other hand, that the order granting a new trial should stand.

The action was brought upon a promissory note. The sole defense was want of consideration. The defendant had been in the employment of plaintiff as manager of a ranch, and upon the termination of this relation signed a note payable in one year. At the end of the year, upon the request of the plaintiff for payment and the disability of the defendant to pay, a new note was signed for a larger amount, the increase being presumably for accumulated interest. This second note is the subject of the action.

The defendant admits that he signed both notes, but claims that he signed the first as a matter of accommodation to enable the plaintiff to make a showing to his brother. F. W. Macfarlane, manager of the Union Feed Company, who appears to have acted to some extent as agent of the ranch,

in Honolulu. The plaintiff claims that this note was given for the balance found to be due upon a final accounting between the parties.

The note itself is *prima facie* evidence of a valuable consideration. It contains a recital of "value received." The burden of proof rested upon the defendant to show want of consideration. A statement of account was produced showing a balance due the plaintiff of the amount of the first note. There is some dispute as to when this statement was presented to the defendant. The defendant admits that he and the plaintiff went over the ranch books together the day before he left, for the purpose of ascertaining the balance due, but says that because some accounts were in town they were unable to strike a balance, and that he signed the note on the understanding that the amount should be altered, if found to be incorrect when a full statement should be made. He then says, inconsistently, that he owed the plaintiff nothing but signed the note solely by way of accommodation. He does not explain why the note was made for this particular amount, $540.06. He kept no books of his own and was unable to make any statement of account himself. His reason for believing prior to the signing of the note that he owed nothing was, he says, that he had not been told that he was behind. He then goes on to say that the ranch was indebted to him, but does not seem to have ever thought of asking for the balance, if any, due him. He says that he does not know how the account stood and does not remember what he has drawn nor does he remember ever having seen the entries in the ranch book of payments of his salary, although the book was in his own possession most of the time and was largely kept in his own handwriting. His explanation of the second note is that he signed it with the idea of trying to get a statement from the plaintiff in the near future. His testimony as a whole is inconsistent, and very indefinite. He simply does not know, or does not remember what took place or how the account stood. He was the only witness for the defense.

On the other hand there is the *prima facie* evidence of the notes themselves; the entries in the ranch book; the signing of the second note without objection, and not, on defendant's own admission, for mere accommodation, a year after the first one was signed. There is also the testimony of the plaintiff that a settlement was made and a statement of account rendered at the time the first note was signed, showing a balance due of the amount of the note, and his uncontradicted testimony that the defendant made no objection to signing the note, that he had promised several times afterwards to pay it, on one occasion promising definitely to pay $25 a month, but that he had explained his failure to pay by professing inability to do so, and had asked for time on the expectation of being able to pay out of some property that was to come to his wife from California. There is also the uncontradicted testimony of F. W. Macfarlane, to whom the note had been given for collection, that defendant had promised to pay something out of his wages on account of the note, and that he never claimed that he did not owe the note, although he disputed the amount of some particular items in the account.

We do not know what led the jury to render the verdict they did, but it would appear from the decision of the trial Judge that they may have placed too much importance upon certain discrepancies between the books of the Union Feed Company and the ranch book.

The order granting a new trial must stand, and the exceptions are overruled.

*Carter & Carter*, for plaintiff.

*F. M. Hatch*, for defendant.