# TUCK CHEW *v.* MAKEE SUGAR COMPANY.

### EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED DECEMBER 23, 1897.        DECIDED JUNE 20, 1898.

### JUDD, C.J., FREAR AND WHITING, JJ.

The trial judge granted a new trial on the ground that the damages were excessive, and without allowing a remittitur or restricting the issues to the question of damages. Held, no error, under circumstances.

### OPINION OF THE COURT BY FREAR, J.

This is an action by a tenant against his landlord for an eviction. The plaintiff claimed $107,848.50 damages and obtained a verdict for $37,435.25 less $7591.05 allowed as a set-off, or $29,844.20 net. The trial judge, on defendant's motion, granted a new trial on the ground that the damages were excessive and the case comes here on plaintiff's exception to the granting of a new trial.

As this Court said in *Macfarlane v. Lowell*, 9 Haw. 438, "The question presented to us is not precisely that presented to the trial judge on the motion for a new trial, but rather whether that judge exercised a sound judicial discretion in granting the motion. This is the rule where the motion is not founded upon errors of law. The trial judge is in a much better position than we are to say whether the verdict is in accordance with substantial justice between the parties, for he hears the testimony of the witnesses and the arguments of counsel, and observes the whole course of the trial. An appellate court is more reluctant to in-

terfere with the exercise of the discretion of the trial court where, as in this case, a new trial has been granted than where it has been refused. We so held in *Kaanauna v. Keahi*, at the last September term, and such is the prevailing rule in other jurisdictions. To grant a new trial is but to send the parties to another jury, where another opportunity will be given for a full and fair investigation of their rights, while to refuse a new trial is to settle the case forever. Consequently, where there is a serious question as to the correctness of a verdict, and a new trial has been granted by the trial court in the exercise of its judicial discretion, the appellate court should not revise such exercise of discretion unless it appears to have been abused."

In the present case the plaintiff claimed as special damages $4838.50 for various specified articles of personal property, consisting of paddy, live stock, implements, wagons, furniture, books of account, &c., alleged to have been taken from him by the defendant at the time of the eviction; also certain amounts for buildings and mill which appear to have been fixtures, which were to revert to the lessor at the termination of the lease and could not be recovered for in this action. Assuming that the jury found and were justified in finding for the plaintiff the full amount claimed for the personal property, the question remains, could they find on the law and the evidence the balance, $32,-596.75, for the eviction proper?

The lease was for ten years and at the time of the eviction there were seven and a half years yet to run. It covered sixty-two acres of rice land at an annual rental of thirty dollars per acre. Evidence was introduced on both sides as to the cost of producing rice and its market value, on the supposition that the probable future profits were the correct measure of damages, but the trial judge refused to give the jury the requested instructions that were based on that supposition and charged as follows: "The measure of damages is the value of the unexpired term of the lease. In measuring this you will consider the rent reserved in the lease and the actual rental value of the premises as they were at the time of the eviction." Now, bearing in mind the

fact that defendant made no objection to plaintiff's introducing evidence as to prospective profits and introduced similar evidence itself and assuming that, in consequence, it could not object to the verdict on the ground that the jury took into consideration these prospective profits as bearing upon the question of the value of the lease, still it is apparent that the jury either misunderstood or refused to follow the charge of the court, and attempted to allow profits as such to the extreme amount that there was any evidence tending to show and in fact allowed a greater amount than this. For, taking plaintiff's own estimate of 46 bags of rice produced per acre per annum, and the highest price, $4 per bag, realized at any time during the preceding four years, the market value of the rice produced per year per acre would be $184, from which if we deduct plaintiff's own estimate of the cost of production per annum per acre, $110, we have left $74 per annum per acre as profits, or $4588 per annum for the 62 acres, or $34,410 for the seven and a half years yet to run, without making any allowance for the fact that these profits were to be received, if at all, in the future and consequently that their present worth would be much less. The present worth of $4588 per annum, or rather half this amount, $2294, semi-annually, reckoning two crops a year for seven and a half years, calculated at simple interest would amount to less than $26,000, or nearly $7000 less than the amount that the jury allowed for the eviction, provided they allowed nothing for the fixtures and allowed the whole amount claimed for the personal property. If they did not allow the whole amount claimed for the personal property, there would be a still greater discrepancy, and even if, as claimed, they erroneously allowed $2000 for fixtures, which it is suggested may be remitted, still there is a large error. In view of these facts we cannot say that the trial judge in granting a new trial abused his discretion.

In thus holding, we do not wish to be understood as of the opinion that prospective profits could not be shown under the circumstances of this case and be taken into consideration by the jury as bearing upon the question of the value of the unexpired

term. The law upon this whole subject seems to be pretty well set forth in 3 Suth., Dam., 146-166.

Plaintiff asks that if the damages are found to be excessive he be allowed to remit the excess and not go to trial again. The trial judge granted a new trial without any privilege of remittitur. Assuming that this court might allow a remittitur although no exception was taken to the refusal or omission of the trial judge to do so, still we cannot say on the law and the evidence even approximately how much should be remitted. Where the amount recoverable is so uncertain as in the present case we feel that we would not be justified in naming the amount. It should be left to a jury.

We are also asked to restrict the issues on the new trial to the question of damages. Here also we think it best not to disturb the ruling of the trial judge assuming that we could do so in the absence of a special exception on this point. The trial judge granted a new trial without conditions or restrictions. Defendant claims to have important newly discovered evidence on the principal other issue and not to have had an opportunity to present its entire case at the first trial. It seems to us that although defendant did not show that it had exercised sufficient diligence to entitle it to a new trial on the ground of newly discovered evidence, still, since there is to be a new trial anyway on the ground of excessive damages, the issues should not be restricted and an opportunity should be given to present the whole case. We express no opinion upon the admissibility or effect of the alleged newly discovered evidence.

The exception to the order granting a new trial is overruled.

*C. Creighton* and *A. G. M. Robertson* for plaintiff.

*Kinney & Ballou* for defendant.