## TERRITORY OF HAWAII *v.* AH QUONG.

### ORIGINAL.

SUBMITTED MARCH 3, 1902.          DECIDED MARCH 14, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

A decision overruling a plea of former conviction is interlocutory and cannot be taken to the Supreme Court on exceptions before the final disposition of the case in the Circuit Court, except by permission of the Circuit Judge.

An exception to an interlocutory decision may, if reduced to writing in a summary mode and presented to the judge within the time prescribed by statute and allowed and signed by the judge, be brought to the Supreme Court after the final disposition of the case without a formal bill of exceptions though the usual and better practice is to have a formal bill of exceptions.

A trial judge may take a reasonable time in which to examine and pass upon a bill of exceptions after the expiration of the time within which it must be presented to him, but he cannot refuse to sign it until the final disposition of the case when he is satisfied with its correctness and the case may not be finally disposed of until long afterwards.

The Supreme Court may allow a bill of exceptions upon the refusal of the trial judge to do so, it being shown to be conformable to the truth.

OPINION OF THE COURT BY FREAR, C.J.

This is a petition (under Laws of 1892, Ch. 57, Sec. 74, Civ. L. Sec. 1438, as amended by Laws of 1898, Act 40, Sec. 2) for this court to allow exceptions which the Circuit Judge is alleged to have refused to allow or sign.

The defendant was indicted for rape. He pleaded a former conviction. The prosecution replied. The defendant demurred to the replication. The trial judge overruled the demurrer and plea and sustained the replication and held that the defendant must stand ready for trial. The defendant excepted and the exception was allowed. He presented a bill of exceptions within the term, paid costs accrued and made a deposit for costs to accrue, but the judge declined to allow or sign the bill of exceptions on the sole ground that there had been no final disposition of the indictment. This is the bill of exceptions that the defendant now wishes this court to allow. The facts are established in this court by affidavit. The prosecution stated in the Circuit Court and states here that it has no objection to the allowance of the bill.

The rule that only final decisions are appealable in the absence of statutory provision to the contrary, applies to criminal as well as to civil cases. A decision that a plea of former conviction is bad and that the defendant must plead over is interlocutory and

therefore not appealable; that is, it cannot be taken to the Supreme Court on exceptions until the final disposition of the case in the Circuit Court. After the final disposition of the case in the Circuit Court, the defendant may, of course, on taking the case to the Supreme Court on exceptions, rely upon his exception, if one were taken and allowed, to the decision overruling his plea in bar. On these points see *Prov. Govt. v. Hering*, 9 Haw. 181, 187; *The Queen v. Poor, Id.* 218, 219. Formerly interlocutory questions could be brought to the Supreme Court before the final disposition of the case in the Circuit Court only upon reservation of the same for the consideration of the Supreme Court by the presiding judge in the Circuit Court in the exercise of his discretion. See *The Queen v. Poor, supra.* That was done in the case of a plea of former conviction in *The Queen v. Lau Kin Chew*, 8 *Id.* 370. But now the judge may also certify bills of exceptions to the Supreme Court from interlocutory decisions. But this is a matter entirely within his discretion. Laws of 1898, Act 40, Sec. 2. Consequently we cannot allow any exceptions or bill of exceptions solely with a view to having the case brought at this stage to this court. No doubt that was the main object and no doubt it was so understood by the trial judge and it is now the main object of the defendant, and in so far as that object is concerned the trial judge was right in his view that his decision was not reviewable here as matter of right at present.

If the judge had signed and allowed an exception which had been reduced to writing in a summary mode and presented to him within the time prescribed by the statute, no formal bill of exceptions would be necessary, for the exception could, upon payment of costs and a deposit or bond for costs to accrue, be presented directly to this court after the final disposition of the case (*Kahului R. R. Co. v. Haw. Com. & Sug. Co.*, 11 Haw. 749) although the better as well as the usual practice is to bring the case here on a formal bill of exceptions.

But to enable the defendant to rely on the exception at all, that is, even after the final disposition of the case, it was neces-

sary not only that it should be noted at the time but that it should be reduced to writing and presented to the judge during the term or within ten days thereafter and be allowed and signed by him. The bill of exceptions in question was the only exception in writing that was presented to the judge to be allowed and signed by him. The defendant had a right under the statute to have this allowed and signed, if it was conformable to the truth, as to which there is no question, and the statute permits it to be allowed by this court upon the refusal of the trial judge to allow and sign it. The only question remaining would then be whether the refusal of the trial judge on the ground that there had been no final disposition of the indictment should be construed as a refusal within the meaning of the statute or merely as a lawful postponement of the allowance and signing. The statute does not require the judge to allow and sign the exception within the term or ten days thereafter, that being merely the time within which it must be reduced to writing and presented. The judge no doubt is entitled to a reasonable time in which to examine the bill or note of exceptions and decide whether it should be allowed or not. But the statute evidently contemplates reasonably speedy action. A judge would not be justified in declining to examine the bill and refusing to pass upon it for an indefinite time, much less would he be justified in refusing to sign it until some time in the distant future while satisfied as to the correctness of the statements contained in the bill. In this instance the judge evidently was of the opinion that the bill was conformable to the truth and yet he refused to sign it until at least the final disposition of the indictment. The defendant was not required to plead over at that term of the court and the next regular term would not be held until six months afterwards. Indeed, a case, especially a civil case, might not be finally disposed of for a year or in some instances even several years after the overruling of a demurrer or plea in bar, and the judge who ruled on the demurrer or plea might be dead or out of office before the final disposition of the case. In our opinion the refusal in this instance to sign the exceptions because the indictment

was not finally disposed of was a refusal within the meaning of the statute and, the truth of the allegations in the exception being established, the exception should be allowed. This of course, as already stated, does not mean that the exception can be heard in this court before the final disposition of the case in the Circuit Court, nor do we mean to imply that in order to bring the case here after such final disposition there it was necessary to pay costs and make a deposit or file a bond for costs to accrue before such final disposition there.

The petition is granted and the exception allowed.

*Deputy Attorney-General J. W. Cathcart* for the prosecution.

*Smith & Parsons* for the defendant.