## S. AHMI *v.* W. H. CORNWELL, Jr.

EXCEPTIONS FROM CIRCUIT COURT, SECOND CIRCUIT.

SUBMITTED JUNE 12, 1902.　　　　DECIDED JUNE 25, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

Under Act 40 of the Laws of 1898 an exception to an order granting a new trial in a term case may be certified to the Supreme Court by the presiding judge, whenever such judge in his discretion may think the same advisable for a speedy termination of the case.

An order of the trial judge granting a new trial may be set aside, in a

case where there was ample evidence to support the verdict of the jury, and no sufficient cause for the order exists.

### OPINION OF THE COURT BY PERRY, J.

Action for malicious prosecution. The jury rendered a verdict for the defendant. The plaintiff thereafter moved for a new trial on the ground that the verdict was contrary to the law and the evidence and the weight of the evidence and the motion was granted. To this order granting a new trial the defendant excepts.

The plaintiff in this court moves that the exception be dismissed on the ground that the order granting a new trial is interlocutory and that no exception lies thereto, citing in support of his contention *Barthrop v. Kona Coffee Co.*, 10 Haw. 398, wherein it was held that an appeal or exception cannot be brought directly to the Supreme Court from an interlocutory decision. The defendant opposes the motion on the ground that in such cases as that at bar the practice has long been established to the contrary. Whatever force the last mentioned consideration may be entitled to, and assuming that the order in question is interlocutory, there is a better reason for denying the present motion and that is that in 1898, after the decision in the case of *Barthrop v. Kona Coffee Co.* was rendered, a statute was passed (see Act 40, Laws 1898) specifically providing that "bills of exception * * * may be certified to the Supreme Court from decisions overruling demurrers or from other interlocutory orders, decisions or judgments, whenever the judge in his discretion may think the same advisable for a more speedy termination of the case." The record in this case shows that the trial judge allowed the exception and bill of exceptions in question.

As to the exception on its merits. While it is true that as held in *Macfarlane v. Lowell*, 9 Haw. 438, "a motion for a new trial which is not founded upon error of law, is addressed to the judicial discretion of the trial court," and that "a stronger case must be made for interfering with the exercise of such

discretion where a new trial has been granted than where it has been refused," still it is also true that where such discretion has been abused the appellate court may interfere. In the case at bar, we think that there was an abuse of discretion. One of the defenses relied upon in the trial below was that the defendant, in causing the arrest of the plaintiff, in good faith and without malice sought and acted upon the advice of counsel in good standing given after a full and fair disclosure to such counsel of all the facts and evidence within the defendant's knowledge. Ample evidence was adduced tending to support this defense. In view of the verdict rendered, the presumption is that the jury found it established to its satisfaction. It may be that the trial judge thought that the verdict should have been for the plaintiff, and it may also be that that view would find support in the evidence. The matter, however, was peculiarly one for the determination of the jury and, clearly, no sufficient cause appeared for disturbing its finding or verdict.

The exception is sustained and the order granting a new trial set aside.

The exception is sustained and the order granting a new trial set aside.

*J. L. Coke* and *Kinney, Ballou & McClanahan* for defendant.