*D. L. Withington* and *John W. Cathcart* (*Castle & Withington* on the brief) for defendant.

---

## WAKEKI HELELUHE *v.* HONOLULU RAPID TRANSIT & LAND CO., A CORPORATION.

## KAHAKUAKOI KEALOHAPAUOLE *v.* HONOLULU RAPID TRANSIT & LAND CO., A CORPORATION.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED OCTOBER 8, 1907.    DECIDED NOVEMBER 16, 1907.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

NEW TRIAL—*abuse of discretion.*

> The discretion of a trial judge in granting a new trial on the ground that the verdict was excessive will not be interfered with unless, as does not appear in these cases, there was an abuse of discretion.

OPINION OF THE COURT BY WILDER, J.

These are actions for damages for injuries sustained by plaintiffs claimed to have been caused by the negligence of defendant. They were consolidated and tried together. Plain-

tiffs were thrown out of a buggy while they were driving along King street near Kamehameha school in consequence of the buggy being struck by an electric car of the defendant. After a verdict for each plaintiff the trial judge granted defendant's motions for new trials, and plaintiffs come to this court on exceptions.

The motions for new trials were based on fifteen grounds, only two of which were referred to by the trial judge, namely, that the evidence did not show that defendant was negligent and that the verdict in each case was excessive. The first point to determine is on what ground the new trials were granted, which can only be arrived at by a careful consideration of all the remarks of the trial judge in granting the motions. After stating the two main points for consideration and making a few remarks about sustaining verdicts generally without reference in particular to these cases, he said:

"Now in this case it seems to me, although I refused a motion to direct a verdict, and practically the same facts and the same evidence is now presented to me again in considering this motion for a new trial, I am bound to say that the evidence is not altogether satisfactory, upon the point of negligence I mean, and it seems to me that in both cases the amount awarded is excessive. There is no permanent injury alleged, no permanent injury claimed. There is no evidence to show the value of any services or that they lost anything in that regard."

Whatever he may have meant in reference to the evidence as to negligence being unsatisfactory, he did hold specifically "that in both cases the *amount awarded is excessive.*" Further on in his opinion he said: "In view of all the facts and all the circumstances I am bound to say that the *amount awarded by the jury is excessive,*" and later he twice referred to the fact that each verdict was excessive. For this court to hold that he did not mean what he said would be trifling and doing away with the ordinary meaning of words. To be sure, he stated that he thought this court would set aside the verdicts in any event, whether he did or not, in view of the opinion of this

court in the *Kingham* case, reported in 17 Haw. 547. What he had in mind in reference to that case it is impossible to say, as a perusal of the opinion in that case will show that whatever was there decided did not touch in any way the points under discussion by the circuit judge in these cases. He also suggested that he might grant the motions conditionally, that is, on remitting part of the verdicts, and then refused to do so. The intimation he made that under certain circumstances he might not have held that the verdicts were excessive shows that he did consider them excessive and not the contrary. The conclusion is irresistible that the trial judge, with perhaps some hesitation and uncertainty, considered that the verdicts were excessive and accordingly granted the motions for new trials, however much he may have also considered that the evidence as to negligence was unsatisfactory, as to which it has been held that the granting of a new trial by the trial judge on the ground that the verdict was against the weight of evidence should depend, not upon whether he was dissatisfied or not with the verdict, but upon whether the verdict was such as reasonable men might have come to. *Solomon v. Britton,* L. R. 8 Q. B. D. 176, as modified by *Metropolitan Ry. Co. v. Wright,* 11 App. Cas. 152, 156.

It now becomes necessary to decide whether the order granting new trials on the ground that the verdicts were excessive was erroneous. The question before this court is not exactly the question that was before the circuit judge. The question before him was whether from all of the evidence the verdicts were excessive, while that before us is whether he abused his discretion in so holding. *Macfarlane v. Lowell,* 9 Haw. 438; *Tuck Chew v. Makee Sugar Co.,* 11 Haw. 453.

After a careful examination of all of the evidence we are of the opinion that the trial judge did not abuse his discretion in granting the new trials on the ground that the verdicts were excessive. Under the circumstances of these cases, while we may not have reversed the order if new trials had been

refused, yet, on the other hand, the order granting new trials should stand.

The verdicts were $2000 for plaintiff Heleluhe and $1500 for plaintiff Kealohapauole. Each plaintiff was over sixty years of age. Neither plaintiff alleged or claimed any permanent injury. Plaintiff Heleluhe received a broken collar bone and several bruises about the body and had little use of her left arm, was confined in bed about a couple of weeks, and it was six or eight weeks before the bandages were removed. The injuries to the plaintiff Kealohapauole consisted of the dislocation of her left shoulder joint and several bruises on different parts of the body and caused her to remain in bed for about a couple of weeks. Each plaintiff suffered a good deal of pain and more or less of a shock from the injuries, and each incurred a bill for medical attendance of about $175. Neither one lost the value of any wages or earnings while recovering from the injuries. The horse and buggy in which plaintiffs were driving at the time of the accident belonged to the queen.

On the whole, we cannot say as a matter of law that the trial judge abused his discretion in granting new trials on the ground that the verdicts were excessive, although we might not have found that the verdicts were excessive if that was the question before us.

It is unnecessary to express an opinion as to the sufficiency of the evidence of negligence, as there will have to be another trial, but in *Bunhichi v. Honolulu Rapid Transit & Land Co.*, 18 Haw. 475, decided since these cases were submitted, the province of the jury in deciding questions of negligence is referred to and discussed.

In view of the conclusion reached, we do not pass upon the contention of defendant that plaintiffs' exception to the order granting new trials cannot now be considered by this court.

The exceptions are overruled.

*J. J. Dunne* for plaintiffs.

*J. W. Cathcart* and *Castle & Withington* for defendant.