CHARLES J. SCHOENING, FRED P. ROSECRANS AND DAN T. CAREY, CO-PARTNERS UNDER THE FIRM NAME OF C. J. SCHOENING & COMPANY, PLAINTIFFS AND DEFENDANTS IN ERROR, *v.* WILLIAM MINER, DEFENDANT AND PLAINTIFF IN ERROR, AND CHARLES WILCOX, AUDITOR OF THE COUNTY OF MAUI, TERRITORY OF HAWAII, GARNISHEE.

ERROR TO CIRCUIT COURT, SECOND CIRCUIT.

ARGUED NOVEMBER 23, 1914.          DECIDED DECEMBER 4, 1914.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

APPEAL AND ERROR—*exceptions—writ of error—waiver.*

The defendant, against whom a judgment in a jury waived case was entered, appealed on exceptions and attacked the judgment on the ground that it was "contrary to law, the evidence and

weight of evidence;" the exceptions were overruled; the defendant then sued out a writ of error attacking the judgment as contrary to law on the ground that the trial court failed to render its decision in writing stating the reasons therefor as required by Act 117, Laws 1909. Held, that the defendant is precluded by the decision upon his exceptions from making the objection upon writ of error, and by failure to make such objection on his former appeal waived the same.

SAME—*decision in jury waived case—mandatory statute.*

While the statute requiring the trial court in a jury waived case to render its decision in writing giving the reasons therefor is mandatory, a failure to render such decision, while reversible error, does not make the judgment void.

SAME—*execution—venditioni exponas.*

The regularity of the issuance of writs of execution and *venditioni exponas* by the clerk, and a sale thereunder by the sheriff, cannot be reviewed on writ of error.

## OPINION OF THE COURT BY QUARLES, J.

This case came before us on exceptions, the fourth exception challenging the correctness of the judgment "on the ground that said judgment was contrary to the law, the evidence and weight of evidence," and we overruled the exceptions (ante page 196). In the opinion, in passing on the fourth exception, it was said: "The fourth exception challenges the correctness of the judgment. There is no exception in the record to the decision of the court upon which the judgment is based. It has been held by this court that in a jury waived case the decision of the court takes the place of a verdict, hence this exception, which goes to the judgment only, does not question the decision, and only raises the question as to the form of the judgment, which the plaintiffs have not questioned, nor discussed either in briefs or oral argument." (Ante page 203.) The case is now before us on writ of error, and the judgment is attacked as erroneous and void upon the assigned error that there was no decision made by the trial court as required by Act 117, Laws 1909. It is apparent that under the fourth exception referred to, and as a basis therefor, the defendant could have set forth that the judgment is contrary to law for the reason that no decision was

filed as required by said statute. The record in the case when first before us, contained no copy of the decision required by the statute, and did not contain any statement by way of exception or otherwise to the effect that there was no decision. An appellate court does not search for error in order to reverse a judgment, but only passes upon errors complained of by the appellant. This court could not presume that there was no decision merely from the fact that the record did not show that there was one, especially as there was no complaint that such decision was not made, and no objection to the judgment upon the ground that there was no decision to support it. Under such circumstances the presumption is that the trial court performed its duty and made the required decision. In 4 Ency. Pl. & Pr. 288, the rule is stated thus: "The court will not take anything by intendment in favor of alleged irregularities, but will presume that the proceedings of the inferior tribunal were regular unless the contrary appears from the record." The question raised by the said fourth exception was the correctness of the judgment below. That being so, the defendant, in appealing therefrom on exceptions, should have set forth, raised, and had determined each of the grounds or reasons for excepting to the judgment as contrary to law. The proceeding here raises the same question, to wit, that the judgment is contrary to law, but to sustain this position assigns an entirely different reason, one, which if correct, is apparent of record, viz., that the trial court made no decision in writing as required by said statute. The question of practice now arises as to whether the plaintiff in error may attack a judgment as contrary to law by exceptions on certain grounds, and after the exceptions are overruled, make the same attack by writ of error on other grounds apparent of record, and thus call on this court to review the case by piece-meal? To permit such practice would be unfair to the adverse party, who thereby incurs expense and delay; the infliction upon the court of unnecessary labor in reviewing causes; and the prolongation of litigation, all of

which should be discouraged, rather than encouraged. This proceeding is not, as contended by the plaintiff in error, authorized by the rulings in *Notley* v. *Brown,* 17 Haw. 455, from which counsel quote as follows: "That being so, it would seem to follow that a party after pursuing one remedy to termination, namely, by exceptions, could not thereafter pursue the other remedy, namely, writ of error, to determine exactly the same questions." The writ here was sued out to determine one of the same questions determined on the exceptions, that is whether the judgment is contrary to law, assigning a ground not set forth in the exceptions. To permit it would be out of harmony with the rule laid down in *Notley* v. *Brown.*

Plaintiff in error contends that the statute requiring the trial court in a jury waived case to file a decision in writing giving the reasons therefor, is mandatory, and so held in *Kahai* v. *Yee Yap,* 20 Haw. 192, where the absence of such decision is held to be reversible error. Counsel then contends that the judgment is void because the trial court did not make such decision. We cannot agree with this contention. The failure of the trial court in a jury waived case to make the decision required by Act 117, Laws 1909, is reversible error by reason of which the judgment is voidable; but it is not void. "The issues raised by the pleadings, whether of law or fact, must be determined in favor of one party or the other before judgment can be entered. In other words, there must be either findings by the court or the verdict of a jury, and a judgment rendered without either verdict or findings is fatally erroneous, though not absolutely void." 11 Ency. Pl. & Pr. 864, 865. We hold that the plaintiff in error, for the reasons herein stated, is precluded from having the judgment reversed on the ground that there was no written decision stating the reasons therefor, and by his conduct has waived that objection.

The other errors assigned go to the regularity of the issuance by the clerk of a writ of execution and subsequently a writ of

*venditioni exponas* under which the property levied upon under the said execution was sold by the sheriff. A writ of error does not lie to review ministerial acts subsequent to judgment, such as those named. This was the ruling in *Johnson* v. *Harvey,* 4 Mass. 483 and in *Hicks* v. *Murphy,* Walker (Miss.) 66, where it was held that the remedy was by *audita querela.* In the case of *Dumond* v. *Carpenter,* 3 Johns. 141, the court said: "If the judgment of the court below be correct and legal, no error will lie for any irregularity as to the execution." In 8 Ency. Pl. & Pr. 457, the rule is thus stated: "Irregularities in an execution do not affect the judgment upon which the writ issued, and are not reviewable on a writ of error." We do not pass upon the questions raised as to the regularity of the execution, *venditioni exponas* and sale.

Judgment affirmed.

*E. Vincent* and *E. Murphy* for plaintiff in error.

*E. R. Bevins* for defendants in error.