## NETTIE L. SCOTT *v.* THOMAS SILVA.

APPEAL FROM CIRCUIT JUDGE, THIRD CIRCUIT.

SUBMITTED OCTOBER 2, 1900. DECIDED NOVEMBER 10, 1900.

FREAR, C.J., PERRY, J., AND J. T. DE BOLT, ESQ., OF THE BAR, IN PLACE OF GALBRAITH, J., DISQUALIFIED.

The decision of the trial court held supported by the evidence.

### OPINION OF THE COURT BY PERRY, J.

In this action, instituted in the District Court of North Kona, Hawaii, the plaintiff claims of the defendant the sum of two hundred and ninety dollars damages for alleged trespass of certain cattle belonging to the defendant upon land of the plaintiff. The District Magistrate rendered judgment for the defendant, and from that judgment plaintiff appealed to the Circuit Judge of the Third Circuit in Chambers. The latter after trial also found for the defendant, stating in his written decision, inter alia, that the evidence offered by the plaintiff was too vague, indefinite and uncertain to justify or permit the basing thereon of any judgment in her favor, and that there was evidence tending to show the existence of an agreement between plaintiff and one Nahale whereby the latter was permitted for an agreed rate of compensation to run cattle on the land in question and that defendant had, by agreement with Nahale, substituted some of his own cattle for some of Nahale's taken by him for dairy pur-

poses. In conclusion the Circuit Judge held that the plaintiff had not substantiated her case.

This appeal is taken "on the ground that the judgment and the decision on which said judgment is based are contrary to the law, contrary to the evidence, contrary to the weight of the evidence and contrary to a former decision of same court touching the same facts involved herein."

Aside from some vague references in the testimony of one of the witnesses for the plaintiff to some former proceedings in court between the same parties concerning a certain bill for pasturage of cattle, the record is silent as to what the former adjudication mentioned consisted of. Consequently the point cannot be considered by us.

Whether the Circuit Judge based his decision upon the vagueness and uncertainty of the evidence as to the fact of the trespass relied upon and the amount of the damage done, or upon the finding that an agreement had been entered into between plaintiff and Nahale as above stated, is not clear from the opinion on file. He seems to have relied to a certain extent upon both. If in fact the evidence of trespass and damage is too vague and uncertain to justify a finding in favor of plaintiff, or if in fact the agreement existed, the conclusion reached was correct. After an examination of the transcript of all the testimony adduced at the trial, we are unable to hold as matter of law that the decision appealed from is contrary to the evidence or to the weight of the evidence. The testimony as to the subject of the agreement was conflicting and contradictory and it was for the Circuit Judge alone to pass upon the questions of credibility of witnesses and weight of their statements. Plaintiff's evidence was certainly vague, indefinite and unsatisfactory, especially on the question of the amount of the damage done by the cattle. Under the circumstances the decision of the trial judge cannot be set aside.

No opinion need be expressed on the question raised by defendant's motion to dismiss the appeal, to wit, whether or not

an appeal lies to the Supreme Court from the decision of a Circuit Judge in Chambers in such a case as this.

For the reasons hereinabove stated, the appeal is dismissed and the cause remanded to the Circuit Judge of the Third Circuit, in Chambers, for such further proceedings as may be proper.

*Lorrin Andrews* for plaintiff.

*Achi & Johnson* for defendant.