## FRANK LILLIS *v.* JAMES CARTY.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED MARCH 11, 1902.　　　DECIDED MARCH 26, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

The judgment below being supported by the evidence the exceptions are overruled.

OPINION OF THE COURT BY GALBRAITH, J.

This is an action for damages resulting to the plaintiff from an alleged breach of warranty on the sale of a horse. The defendant denied the warranty and also the sale to the plaintiff and maintained that he sold the horse to a third party who in turn sold it to the plaintiff. A jury being waived the cause was tried to the court. The court found that the plaintiff had failed to sustain the burden of proof imposed on him by law and did not prove the sale from the defendant to him and rendered a general judgment for the defendant.

The plaintiff excepted to the refusal of the court to make certain findings of fact supported by the plaintiff's evidence. These findings overlook entirely the evidence introduced on behalf of the defendant. Other exceptions were taken to the conclusion of law made by the court. These conclusions of course are not based on the facts set out in the plaintiff's exception but on those actually found by the court. The exceptions in this case only present one question and impose one duty on this court, i. e., to determine whether or not the evidence supports the finding and judgment of the trial court.

The judge says in the decision in part: "The court does not believe the plaintiff has sustained the burden of proof on all of the material facts in the case. Mr. Lillis is perhaps out and injured, but, there is no question in the mind of the court, under the evidence, that Lillis it not the proper party plaintiff, on the ground that there is not sufficient evidence to show there was a sale of this property to the plaintiff by the defendant. All of the documentary evidence tends to show, strongly, the contention of Carty: that the sale was directly to Peterson, and, taken in that view, it explains to the court why Peterson received the twenty-five dollars. * * * Upon all of the evidence there is only one way to find in this case. There is no question but what the horse was unsound. The defendant himself admits it. * * Assuming there was a warranty the court holds there is not sufficient evidence to sustain plaintiff's claim and must, under the law, and is compelled to decide in favor of the defendant and does therefore render judgment in favor of the defendant."

Under the well established practice in this court if the judgment of the court below is supported by the evidence in the record it must be affirmed. *Mellis v. Kunuiakea*, 9 Haw. 441-2; *Scott v. Silva*, 13 Haw. 184; *Scott v. Nahale, Id.* 255.

We find that the evidence does support the judgment of the court below.

The exceptions are overruled.

*Peterson & Mathewman* for plaintiff.

*Kinney, Ballou & McClanahan* for defendant.