# Richmond.

RICHMOND PASSENGER & POWER CO. v. ALLEN.

February 2, 1905.

1. STREET RAILWAYS—*Driving on Tracks—Duty of Motorman—Negligence.*—It is not negligence to drive a vehicle with curtains down on sides and rear upon the tracks of a street railway in a public street. It is the duty of those operating street cars to keep a lookout for vehicles on the tracks in front of them, and they cannot run down a vehicle from behind, under any ordinary circumstances, without negligence or wilful wrong. The duty of one driving on street-car tracks is to get off when he knows of the approach of a car. He is not bound to keep an impossible watch to the rear to avoid an injury which, under any ordinary circumstances, can only result from the culpable negligence or wilful wrong of those operating the car.

2. APPEAL AND ERROR—*Correct Verdict—Instructions.*—The propriety of the rulings of a trial court in giving and refusing instructions will not be examined by this court, when, upon the whole record, it can see that a different verdict could not have been rightly found.

Error to a judgment of the Law and Equity Court of the city of Richmond, in an action of trespass on the case, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Affirmed.*

The opinion states the case.

*H. Taylor, Jr.,* for the plaintiff in error.

*Smith, Moncure & Gordon,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

This action was brought by Mrs. Sally W. Allen against the Richmond Passenger & Power Company, to recover damages for injuries resulting to her from the alleged negligence of the defendant company in running one of its cars upon the vehicle in which she was riding.

It appears that Mrs. Allen, a few minutes after six o'clock on the morning of the 5th of December, 1902, was driving a Dayton wagon, with side and rear curtains down, along Lester street, in the city of Richmond, in a westerly direction; that upon this street the defendant company was operating a double track street-car line, and that she was driving upon the track upon which it ran its west-bound cars; that she had been driving upon that track for several squares when one of the defendant company's cars ran into the rear of her wagon, tilting the wheels and shoving the wagon upon the horse, causing him to run away, and resulting in the injuries complained of.

The plaintiff and her companion in the wagon both testify that they heard no bell and had no warning of the approach of the car until their vehicle was struck. The motorman testifies that the gong was sounded, but when or where does not appear. He further states that he was running at a moderate rate of speed; that the morning was dark and cloudy, and his headlight was burning. He gives as a reason why he did not stop his car before running upon the wagon, that there was a curve in the track which threw the light away from the track and not upon the wagon in front of him, so that he could not see the wagon, and that he did all he could to stop after he saw it. It clearly appears, however, from this motorman's own evidence that it was sufficiently light for him to have seen the wagon without the aid of the headlight, for he testifies that he stopped as soon as he struck the wagon, and saw the horse

while it was running away until the wagon struck an east-bound car a square or more distant, and was turned over. All of which he thinks occurred in two minutes. From a map filed by the defendant, it seems the track was straight for several squares east of where the wagon was struck, and very slightly, if at all, curved at that point.

If the motorman did not see the plaintiff's wagon moving along in front of him, it was, under the facts and circumstances disclosed by his own evidence, because he was not keeping a proper lookout. Under the facts shown by the record, the defendant company was clearly guilty of negligence in the management of its car.

A street-car company operating its railway upon a public street cannot run down a vehicle from behind under any ordinary circumstances without negligence or wilful wrong. *Vincent v. Norton & Taunton St. Ry. Co.*, 180 Mass. 104, 61 N. E. 822; *Richmond Traction Co. v. Clark*, 101 Va. 382, 386-388, 43 S. E. 618.

The plaintiff was not guilty of contributory negligence under the facts of this case. It is not negligence to drive a vehicle with curtains down on sides and rear, upon the tracks of a street railway in a public street. The duty she owed the car coming up behind her was to get off the track when she knew of its approach. She did not know of it. If the gong was sounded or any other warning given, neither she nor her companion heard it. They were not bound to keep an impossible watch to the rear to avoid an injury which under any ordinary circumstances could only result from culpable negligence or wilful wrong on the part of the defendant company. *Vincent v. Norton & Taunton St. Ry. Co., supra; R. & P. Ry. Co. v. Rubin*, 102 Va. 809, 47 S. E. 834; *Richmond Traction Co. v. Clark, supra.*

Upon the whole record a different verdict could not have

been rightly found. It is, therefore, unnecessary to examine the propriety of the rulings of the court in giving and refusing instructions, since a decision of that question could not affect the result. *Southern Ry. Co.* v. *Oliver,* 102 Va. 710, 47 S. E. 862; *Moore* v. *B. & O. Ry. Co., ante* p. 189, 48 S. E. 887, and cases cited.

The judgment complained of is plainly right and must be affirmed.

*Affirmed.*