Robinson v. Honolulu Rapid Transit & Land Co., 20 Haw. 426.

# DON ROBINSON *v.* HONOLULU RAPID TRANSIT & LAND CO.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED MARCH 13, 1911.                    DECIDED APRIL 1, 1911.

## ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

NEGLIGENCE—*proof of, question for jury.*

> Under the circumstances set forth in the opinion, the questions whether a collision between defendant's street car and plaintiff's wagon was caused by defendant's negligence, or by plaintiff's contributory negligence, or was the result of a mere error of judgment on the part of the motorman, were for the jury to decide under appropriate instructions.

SAME—*rights of street cars and vehicles on streets.*

> The rights and obligations of persons using vehicles on the streets and of street railway companies operating cars thereon are mutual and reciprocal. A street car cannot overtake and run down a vehicle under ordinary circumstances without negligence or willful wrong.

NEW TRIAL—*motion for—sufficiency of evidence.*

> In this Territory the circuit judges are not authorized to set aside a verdict and grant a new trial where the sole objection to the verdict is that it is against the weight of the evidence when there is more than a scintilla of evidence to support the verdict.

### OPINION OF THE COURT BY ROBERTSON, C.J.

In this case the plaintiff claimed damages against the defendant in the sum of $5048 for personal injuries sustained by him by reason of the alleged negligence of the defendant in the operation of one of its street cars. The jury rendered a verdict in plaintiff's favor, assessing the damages at the sum of $548. At the close of the evidence the defendant moved for a directed verdict on the grounds that the evidence showed that the plaintiff himself was negligent and that the defendant was without negligence on its part. The motion was denied. The defendant excepted to the verdict on the grounds that it was against the law and the evidence and against the weight of the evidence.

The defendant then filed two motions, one for judgment *non obstante veredicto,* and the other for a new trial. The motion for judgment nothwithstanding the verdict was based on the grounds that the proofs adduced did not tend to sustain the acts of negligence charged in plaintiff's complaint; that there was no evidence of negligence on the part of the defendant; and that by clear and uncontradicted evidence it was shown that the injuries sustained by the plaintiff resulted from negligence on the plaintiff's part. The motion for a new trial was also based on the ground of the insufficiency of the evidence to support the verdict as well as on other grounds which need not be noticed. The motion for judgment was denied, but the motion for a new trial was granted. The defendant excepted to the denial of its motion for judgment while the plaintiff excepted to the order setting aside the verdict and granting a new trial. These two are the only exceptions presented for our consideration.

The plaintiff adduced testimony tending to show that on the afternoon of November 26th, 1909, he was driving an army escort wagon drawn by four mules on the way from Fort Shafter to the Matson wharf, in Honolulu, and, when about two hundred yards north from the Palama fire station, on King street, the wagon which he was driving was run into by a street car operated by the defendant company; that at the time of the collision and for some time prior thereto, the mules being on a trot, the wagon was travelling parallel to the car track, the left hand wheels being between one foot and two feet from the right hand car track; that the wagon was a heavy one and made considerable noise; that plaintiff heard no sound of a gong or other warning of the approach of the car which was overtaking the wagon, and was not aware of the presence of the car until, happening to look over towards his left, he saw it just as it came in contact with the wagon; the wagon was jolted and plaintiff was thrown from the seat to the ground; and that plaintiff sustained injuries to his feet and other parts of his body. The testimony

also tended to show that the plaintiff was an experienced driver; that he was familiar with the street on which he was driving; that there was ample room for the wagon on each side of the car track; that there were no obstructions of any kind on the road at the time of the accident; and that the view of the street and car track was unobstructed for the distance of about three hundred yards northerly from the place of the collision. Plaintiff said he believed he was not conversing with the man who was with him. A companion, who was on the seat of the wagon with the plaintiff, testified that about three minutes prior to the collision he had turned and looked back but saw no car; that he did not hear the car approaching, and did not know it was there till he felt the jolt of the impact; and that the wagon did not turn toward the track just as the car came along. Neither the plaintiff nor his companion were able to state what part of the wagon was struck, nor were they able to testify as to the speed of the car.

The testimony adduced by the defendant came, principally, from two of its motormen, one of whom was operating the car and the other was standing on the platform with him. Their testimony tended to show that they first saw the plaintiff's wagon when it was about three hundred or four hundred feet ahead of the car, travelling in the same direction; that plaintiff and his companion were apparently engaged in conversation; the power had been thrown off and the car was going at the rate of about seven miles an hour on a slight down grade with a slight curve to the track; that the gong was sounded from the time that the wagon was first seen until the collision took place; that the running board of the car projected two-and-one-half or three feet beyond the car track, and the wagon wheels were three or four feet from the track; that the speed was reduced till the car, when it had nearly reached a point abreast of the rear end of the wagon, was going at the rate of about four miles an hour; that at this point, both motormen being satisfied that there was room to pass, the power was increased to "five

points" (five or six miles an hour) with the idea of going by the wagon; that just at this moment the mules, which were walking, began to turn in toward the track, whereupon the driver, glancing around and seeing the car, turned the mules off toward the right; that this last movement caused the left front wheel to swing out to the left and toward the track, and before the car could possibly have been stopped, the front end of the steps collided with the tire of the wagon wheel; that the brakes had been applied and the power thrown off, and the car was stopped within three or four feet. One of the motormen testified that if the wagon had maintained its original distance from the track and had "followed the curved point" there would have been no collision.

As to the motion for judgment *non obstante veredicto.* The contention is made, and is supported by authority, that where specific acts of negligence are charged, and not general negligence, the plaintiff is entitled to recover only upon proof of those specific acts. The argument, however, assumes that the case alleged by the plaintiff "is one of running the car at a fast rate onto the rear of plaintiff's wagon, and in not giving plaintiff any warning." This is hardly a fair construction to put upon the plaintiff's pleading. The third paragraph of the complaint alleges, *inter alia,* that "the defendant did, then and there, wrongfully, negligently, and in utter disregard of the safety and rights of the plaintiff, and without sounding any alarm or giving any warning which the plaintiff could or did hear, run said car upon and against the easterly or left-hand hind wheel of said wagon with great force and violence." Eliminating the parenthetical sentence in regard to the failure to give warning, it is definitely averred that the defendant did wrongfully and negligently and in utter disregard of the plaintiff's rights, run its car against the wagon. That allegation was sufficient to put the defendant on its defense, and as, in our opinion, there was evidence to support it, the point sought to be made cannot be sustained.

We think the trial judge was right in overruling the motion. While it may be regarded as a rather close case, upon the evidence, there was fair room for argument as to whether the collision was the result of defendant's negligence, or was caused by contributory negligence on the part of the plaintiff, or resulted from a mere error of judgment on the motorman's part. Those were questions for the jury to pass upon under appropriate instructions. The wagon was in plain view of the motorman; it was drawn by four mules; it was close to the track; having no springs, the noise it made naturally rendered it difficult for the driver to hear the gong; neither occupant of the wagon showed any signs of being aware of the approach of the car; and the testimony was conflicting on the point whether the wagon turned toward the track just as the car came along. The circumstances shown were such that the jury could have found that the motorman was negligent in trying to pass the wagon without making further efforts to apprise the men on it of the presence of the car, also that the motorman deliberately took unnecessary chances in trying to pass the wagon under such circumstances. See *Tunison* v. *Weadock,* 130 Mich. 141, 159; *Ablard* v. *Detroit United Railway,* 139 Mich. 248; *White* v. *Worcester Street Railway,* 167 Mass. 43; *Carrahar* v. *B. & N. Street Railway,* 198 Mass. 549; *Callahan* v. *Boston Elevated Ry. Co.* (Mass.), 91 N. E. 388.

The rights and obligations of persons using vehicles on the streets and of street railway companies operating cars on the same streets are mutual and reciprocal. Both are required to use due care to avoid collisions. *Dong Chong* v. *Rapid Transit Co.,* 16 Haw. 272. A street car cannot run down a vehicle from behind under ordinary circumstances without negligence or willful wrong. *Richmond Passenger Co.* v. *Allen* (Va.), 49 S. E. 656; *Vincent* v. *Street Railway Co.,* 180 Mass. 104; *Carrahar* v. *B. & N. Street Railway,* supra.

The *Dong Chong* case is much relied on by the defendant. In that case the court below had granted the defendant's motion

for a non suit. This court sustained that action, though with some reluctance. The circumstances involved in that case differed from those here involved in the important particular that the plaintiff and his team were facing the car and saw it approaching. The motorman was justified in assuming from the plaintiff's conduct that it was safe for him to proceed to pass the wagon even though it was close to the car track.

As to the motion for a new trial. The trial judge was of the opinion, evidently, that there was not such a lack of evidence to support the plaintiff's allegations as would justify the granting of the motion for judgment nothwithstanding the verdict, but, he said, the verdict was "so decidedly against the weight of the evidence" that he felt obliged to grant the motion for a new trial.

It may be conceded that a trial court has the discretion, under some circumstances, to set aside a verdict and grant a new trial where it appears to the judge that the losing party has not had a fair trial; and that the exercise of that discretion would not be interfered with by this court unless it appeared that the discretion had been abused. But the rule does not apply to a case where the only objection to a verdict is that it is against the weight of evidence, and the judge believes it so to be, providing there was more than a mere scintilla of evidence to support the verdict. In a case where the verdict is supported by only a scintilla of evidence the trial court has the discretion to grant a new trial or order the entry of a judgment *non obstante veredicto,* as the circumstances may warrant. Where the evidence is clear and probably would not be different should the case be tried again the latter course would be appropriate.

In the case at bar the verdict was supported by more evidence than a mere scintilla.

In some jurisdictions the trial courts are expressly authorized by statute to set aside verdicts and grant new trials "for insufficient evidence." In those jurisdictions the trial judges

have a broader discretion than the circuit judges in this Territory have.

Our statute provides that the jury shall be the exclusive judges of the facts in all cases tried before them. R. L. Sec. 1798. In this jurisdiction it is settled that a mere scintilla of evidence is insufficient to support a verdict. *Smith* v. *Hamakua Mill Co.*, 14 Haw. 669; *Wo Sing Co.* v. *Kwong Chong Wai Co.*, 16 Haw. 17. But it has often been held that this court would not set aside a verdict where there was some evidence, *i. e.*, more than a scintilla of evidence, to support it. In *Kapiolani Estate* v. *Cleghorn*, 14 Haw. 330, 338, Chief Justice Frear, speaking for the majority of the court, said, "On the whole, in our opinion, there was sufficient evidence to sustain the verdict whether the weight of the evidence was on that side or not." See also, *Kaleleonalani* v. *Trustees Lunalilo Estate*, 4 Haw. 82, 88.

In connection with this branch of the case the defendant relies largely on *Macfarlane* v. *Lowell*, 9 Haw. 438. That was an action of assumpsit. The trial judge had granted a new trial on the ground that the verdict was, in his opinion, against the weight of the evidence. This court found that the testimony of the defendant, who was the only witness for the defense, was "inconsistent and very indefinite," and sustained the action of the trial judge. If the court intended to hold that, in this jurisdiction, a trial judge is possessed of the discretion to set aside a verdict merely because he is of the opinion that it is against the weight of the evidence, we must decline to consider that case as a precedent to be followed. Such a ruling would be contrary to the theory upon which the later case of *Ahmi* v. *Cornwell* was decided. In that case this court said, "It may be that the trial judge thought that the verdict should have been for the plaintiff, and it may also be that that view would find support in the evidence. That matter, however, was peculiarly one for the determination of the jury, and, clearly no sufficient cause appeared for disturbing its finding or verdict. The ex-

ception is sustained and the order granting a new trial set aside." 14 Haw. 301, 303.

The defendant's exception to the denial of its motion for judgment *non obstante veredicto* is overruled, and the plaintiff's exception to the order setting the verdict aside and granting a new trial is sustained. The case is remanded to the circuit court with instructions to set that order aside.

*G. A. Davis (A. L. C. Atkinson* with him on the brief) for plaintiff.

*J. W. Cathcart* and *A. L. Castle (Castle & Withington* on the brief) for defendant.