## WALTER E. WALL *v.* HERMAN FOCKE.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED MAY 14, 1913.  DECIDED MAY 20, 1913.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

NEW TRIAL—*jury-waived cases—decision against weight of evidence.*
> Upon a motion for a new trial in a jury-waived case the trial judge may set aside his own decision if convinced that it is contrary to the weight of the evidence.

ID.—*grounds of motion—necessity of determination.*
> The granting of a motion for a new trial upon one only of the grounds named in the motion does not of itself import an overruling of the other grounds. In such a case every ground should be passed upon.

OPINION OF THE COURT BY PERRY, J.

This is an action of assumpsit, upon three counts, for compensation for services rendered by the plaintiff in effecting a sale of land owned by plaintiff and defendant as tenants in common. The first count is on an express promise to pay to the plaintiff ten per cent. of the proceeds of the sale; the second is to the effect that by reason of the sale the plaintiff is entitled to compensation in a reasonable amount and that the sum claimed is reasonable; and the third is upon an account stated. Trial was had without a jury. The trial court in its decision ordering judgment for defendant, filed October 13, 1911, made no reference to the third count, apparently for the reason that there was no evidence in support of it, and found against the claim of an express contract and also against the claim of an understanding or expectation on the part of both parties that plaintiff would be compensated by the defendant in an amount not agreed upon. The plaintiff, six days later, during the same term and while the judgment remained wholly unsatisfied, moved for a new trial upon eight grounds, the first being "that the decision and judgment entered therein on the 13th day of October, A. D. 1911, is contrary to the law and to the evidence and the weight of evidence," the second to the sixth inclusive relating to alleged errors in the admission and rejection of evidence, the seventh being that the court erred in finding against the claim of an express agreement and the eighth that the court erred in finding "that said plaintiff was not entitled to account for his services under the *quantum meruit* count." The motion was granted, the trial judge, after reciting the substance of his first decision, concluding as follows: "There can be no doubt that defendant did know that plaintiff was using effort and time in the sale of the common land, and that defendant acquiesced in such effort and expenditure of time. Nor can it be doubted that defendant was benefited by the sale of the land, nor that the sale was consummated by the efforts of Wall, the plaintiff alone. Under such circumstances, I am of the opinion

that the efforts of plaintiff were not in contemplation of joint or common tenancy, were without his duties as co-tenant of the defendant, and being acquiesced in by the defendant and the defendant having been benefited thereby, and that therefore the plaintiff is entitled to judgment on his count of *quantum meruit.*" Exceptions to this ruling were sustained and the order granting a new trial set aside. Ante, 399. This court in passing upon the exceptions held that there was no evidence in support of the third count; that there was ample evidence to support the findings against the claim of an express contract and against the claim of an understanding or expectation on the part of both parties that the plaintiff would be compensated by defendant in an amount not agreed upon; that those findings remained unreversed in the trial court's second written opinion; and that the four facts relied upon by the trial court, namely, that defendant had knowledge of plaintiff's efforts, that he acquiesced in those efforts, that he was benefited by the sale and that the sale was consummated by the plaintiff alone, were not of themselves sufficient to give rise to an obligation on the defendant's part to pay. The plaintiff thereupon moved in the circuit court that his motion for a new trial be set for further hearing, contending that no ruling had been made, either by the trial court or by this court, upon the first ground of the motion. The motion to set was denied, the trial judge being of the opinion that "the decision of the supreme court went to the entire merits of the motion" (for a new trial) "and that without any order to that effect no further proceedings are to be had before this" (that) "court on the original motion for a new trial." The case now comes to this court upon exceptions to the denial of the motion to set.

The first ground of the motion for a new trial remains in part undisposed of. The trial court held that its original decision was contrary to law in the one respect mentioned. This court took the opposite view and ruled further that the findings

of fact were amply supported by the evidence, or, in other
words, that the decision was not contrary to the evidence. This
court, however, did not consider whether the decision was con-
trary to the weight of the evidence. In the absence of a jury,
it was within the province of the trial judge alone to determine
questions concerning the credibility of the witnesses and the
weight of the evidence, and if, in passing on the motion, he had
ruled either that his original findings were or that they were.
not contrary to the weight of the evidence, this court could say
merely whether there was or was not evidence to support the
ruling. It has been repeatedly held in this jurisdiction that
the jury, or, when a jury is waived, the trial judge is the final
arbiter of the weight of the evidence and that this court cannot
disturb a verdict or decision if there is evidence sufficient in
law to support it. See, for example, *Smith* v. *Hamakua Mill
Co.,* 14 Haw. 669 and *Lillis* v. *Carty,* 14 Haw. 132. It is
equally well established that the judge presiding at the trial
may not set aside the verdict of a jury on the ground that, in
his opinion, it is contrary to the weight of the evidence. *Rob-
inson* v. *Rapid Transit Co.,* 20 Haw. 426; *Ahmi* v. *Cornwell,*
14 Haw. 301. When, however, the trial is had without the
intervention of a jury, the reason for the rule fails in so far as
a review by the trial judge is concerned and the rule itself does
not apply. The judge, having himself made the findings of
fact, may, subject to proper limitations as to time and other
circumstances, reconsider the evidence and if convinced that his
findings were erroneous set them aside. When a decision is
thus set aside on the ground that the findings are against the
weight of the evidence the trial court may, in its discretion, as
justice may require, render judgment for the party originally
unsuccessful or admit further evidence and then proceed to
judgment or grant a trial *de novo.* See *Hawkins* v. *Reichert,*
28 Cal. 535; *Cauhape* v. *Bank,* 118 Cal. 82; *Robinson* v. *Com-
missioners,* 12 Md. 132; *Underwood* v. *Sledge,* 27 Ark. 295;
and *Taylor* v. *Gribble,* 33 S. W. (Tex.) 765.

In the case at bar the trial judge has not expressly ruled upon the claim, advanced as a part of the first ground of the motion for a new trial, that the decision was against the weight of the evidence. It does appear, indirectly, in his written opinion on the motion, that he overruled the contention that the finding that there was no express contract for a commission of ten per cent. was contrary to the weight of the evidence, for the granting of the new trial was based on the ground that plaintiff was entitled to reasonable compensation for his services. The ruling as made clearly negatived the idea of the existence of an express contract. It was necessarily a reiteration of the finding that there was not an express contract. But not even by inference does it appear that the judge passed upon the contention that the finding against the claim of a mutual understanding or expectation that plaintiff would be compensated in a reasonable sum for his services was contrary to the weight of the evidence. The statement by the trial court that upon the four facts enumerated the plaintiff was entitled to recover on a *quantum meruit* left untouched the contention just referred to. The statement related to a legal obligation which the trial court regarded as arising out of the four facts mentioned, while the contention was that a finding of a certain other fact was against the weight of the evidence.

The overruling of a motion for a new trial necessarily imports the overruling of every ground named in the motion. The granting, however, of such a motion upon one of the grounds named does not of itself, at least in the absence of a statute, indicate that the remaining grounds are overruled but is entirely consistent with the view that they were not considered. In such cases the practice of leaving undetermined some of the grounds of the motion is likely to involve further review proceedings and duplicate appeals and is therefore disapproved. See *Bierce* v. *Waterhouse,* 219 U. S. 320, 322.

The exceptions are sustained, the order denying the motion

to set is reversed and the cause is remanded to the circuit court with directions to hear and determine the motion for a new trial in so far as it may be claimed, under the first ground thereof, that the finding that there was not an understanding or expectation on the part of both parties that the plaintiff would be compensated by defendant in an amount not agreed upon is contrary to the weight of the evidence.

*W. B. Lymer* (*Thompson, Wilder, Watson & Lymer* on the brief) for plaintiff.

*I. M. Stainback* (*Holmes, Stanley & Olson* on the brief) for defendant.